76 P.3d 258 (2003)
118 Wash.App. 199
STATE of Washington, Respondent,
v.
Everett Wade JONES, Appellant.
No. 27244-0-II.
Court of Appeals of Washington, Division 2.
August 26, 2003.
*259 Pattie Mhoon, Attorney at Law, Tacoma, WA, for Appellant.
John Christopher Hillman, Pierce County Prosecuting Attorney, Tacoma, WA, for Respondent.
MORGAN, J.
This case concerns how a trial court may condition community custody imposed under the version of the Sentencing Reform Act, RCW 9.94A, that was in effect on February 5, 2001. We hold (1) that a court may condition community custody by requiring that the offender obey all laws; (2) that a court may order an offender not to consume alcohol regardless of whether alcohol contributed to the crime; (3) that a court may not order an offender to participate in alcohol counseling unless alcohol contributed to the crime; and (4) that a court may not order an offender to participate in mental health treatment or counseling unless the court finds, based on a presentence report and any applicable mental status evaluations, that the offender suffers from a mental illness which influenced the crime.
The State charged Everett Wade Jones with first degree burglary and several other crimes. The State alleged that Jones had committed these offenses on February 5, 2001.
On March 15, 2001, Jones pled guilty to first degree burglary and other crimes. During the plea hearing, Jones' attorney explained that Jones was bipolar; that Jones was off his medications at the time of his crimes; that Jones was using methamphetamine at the time of his crimes; and that "the combination ... obviously resulted in *260 what happened[.]"[1] Since being in custody, the attorney said, Jones had been taking his medications, and thus was "much, much calmer."[2]
The court sentenced immediately after accepting Jones' pleas. The court did not have before it any evidence to suggest that alcohol had contributed to Jones' crimes. The court did not obtain or consider a presentence report or mental status evaluation. Following the prosecutor's recommendation, the court imposed a concurrent prison term for each crime, the longest being 48 months for first degree burglary. The court also imposed a concurrent term of community custody for each crime, the longest being 18-36 months for first degree burglary.
As conditions of community custody,[3] the court required Jones to engage in law-abiding behavior; not to consume alcohol; to participate in alcohol counseling, mental health treatment, and mental health counseling; to take his medications as prescribed; and not to drive without a valid license and insurance. The court did not enter findings that alcohol or mental illness had contributed to Jones' crimes. Jones did not object to any of the court's rulings.
Jones did not appeal within 30 days.[4] Later, he sought to file a late appeal. This court declined to allow a late appeal, causing Jones to seek review in the Supreme Court. The Supreme Court reversed and directed this court to decide the late appeal.
Preliminarily, Jones does not argue, nor could he argue successfully, that the trial court erred by imposing community custody. The applicable statutes are those in effect on February 5, 2001, because that was the date of Jones' offenses.[5] The statutes in effect on February 5, 2001, provided that burglary in the first degree was a Class A felony;[6] that any Class A felony was a violent offense;[7] and that when a court sentences to prison "for a violent offense ... committed on or after July 1, 2000, the court shall in addition to the other terms of the sentence, sentence the offender to community custody[.]"[8]
Although Jones does not claim that the trial court erred by imposing community custody, he does claim that the trial court erred in the ways that it conditioned community custody. He argues that the trial court erred by ordering him (1) to engage in law-abiding behavior; (2) not to consume alcohol, given the lack of evidence that alcohol had contributed to his offense; (3) to participate in alcohol counseling, given the lack of evidence that alcohol had contributed to his offense; and (4) to participate in mental health treatment and counseling, given that the trial court did not obtain or consider a presentence report or mental status evaluation, or make a finding that mental illness had contributed to or influenced his crimes. Jones can make these claims on appeal even though he failed to object below.[9]

I.
The first question is whether the trial court had authority to order Jones to engage in "law abiding behavior."[10] Before 1984, a trial court had authority to "impose probationary conditions that bear a reasonable relation to the defendants duty to make restitution *261 or that tend to prevent the future commission of crimes.[11] As a result, a trial court could order that an offender obey all laws.
When the SRA took effect in July 1984, it eliminated a trial courts authority to order an offender, other than a first-time offender, to obey all laws. In State v. Barclay,[12] Division Three held that [a]lthough a first-time offender may be ordered to refrain from committing new offenses, the statute does not allow such a condition to be imposed upon a repeat offender. In State v. Raines,[13] Division One agreed.
In 1999, the SRA was amended to provide that when sentencing for certain crimes committed on or after July 1, 2000, including first degree burglary,
[t]he court may also order the offender to participate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offenders risk of reoffending, or the safety of the community, and the department shall enforce such conditions pursuant to (f) of this subsection.
... [T]he court shall also require the offender to comply with any conditions imposed by the department of corrections under subsection (15) of this section.[[14]]
Subsection (15) provided that the department may require the offender ... to obey all laws.[15]
These amendments remain in effect today.[16] By their plain terms, they permit a court to order an offender to perform affirmative conduct reasonably related to the offenders risk of reoffending or to the safety of the community. Such conduct includes obeying the community's laws. Accordingly, we hold that the 1999 amendments legislatively overruled Barclay and Raines; that a trial court sentencing for first degree burglary committed on or after July 1, 2000, may require an offender to obey all laws or engage in law-abiding behavior; and that the trial court here did not err by doing that.

II.
The second question is whether the trial court had authority to order Jones not to consume alcohol, given the lack of evidence that alcohol had contributed to his crimes. When the 1984 legislature enacted the SRA, it provided that any prohibition against consuming alcohol had to be "crime-related."[17] The 1988 legislature, however, amended the SRA as follows:
(c) The court may also order any of the following special conditions:
. . .
(iii) The offender shall participate in crime-related treatment or counseling services;
(iv) The offender shall not consume alcohol;
. . .

*262 (vi) The offender shall comply with any crime-related prohibitions.[18]
By including the words "crime-related" in subsections (iii) and (vi) but omitting them from subsection (iv), the 1988 legislature manifested its intent that a trial court be permitted to prohibit the consumption of alcohol regardless of whether alcohol had contributed to the offense.
The legislature's 1988 amendment remains in effect today,[19] for both community custody[20] and community placement.[21] On February 5, 2001, it applied when, as here, the court sentenced for a first degree burglary[22] committed on or after July 1, 2000.[23] Accordingly, we hold that the trial court had authority to order Jones not to consume alcohol, despite the lack of evidence that alcohol had contributed to his offenses.

III.
The third question is whether the trial court had authority to order Jones to participate in alcohol counseling, given the lack of evidence that alcohol had contributed to his crimes. Since 1988, a portion of the SRA that is currently codified as RCW 9.94A.700(5)(c) has provided that a trial court, when imposing community custody for specified crimes that include first degree burglary, may order an offender to "participate in crime-related treatment or counseling services."[24] As noted already, nothing in the evidence here shows that alcohol contributed to Jones' offenses, or that the trial court's requirement of alcohol counseling was "crime-related." Accordingly, we hold that the trial court erred by ordering Jones to participate in alcohol counseling.
In arriving at this result, we do not overlook the 1999 amendment that we utilized in Section I. Currently codified as RCW 9.94A.715(2)(b), it provides that when sentencing for certain crimes committed on or after July 1, 2000, including first degree burglary, a trial court may order the offender to participate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offenders risk of reoffending, or the safety of the community.[25] If reasonably possible, it must be harmonized with RCW 9.94A.700(5)(c), so that no part of either statute is rendered superfluous.[26] If we were to characterize alcohol counseling as "affirmative conduct reasonably related to the offender's risk of reoffending, or the safety of the community," with or without evidence that alcohol had contributed to the offense, we would negate and render superfluous RCW 9.94A.700(5)(c)'s requirement that such counseling be "crime-related." Accordingly, we hold that alcohol counseling "reasonably relates" *263 to the offender's risk of reoffending, and to the safety of the community, only if the evidence shows that alcohol contributed to the offense.

IV.
The fourth question is whether the trial court had authority to order Jones to participate in mental health treatment and counseling. Since 1988, a portion of the SRA that is presently codified as RCW 9.94A.700(5)(c) has provided that a trial court, when imposing community custody for specified crimes that include first degree burglary, may order an offender to "participate in crime-related treatment or counseling services."[27] Since 1998, a portion of the SRA that is presently codified as RCW 9.94A.505(9) has provided that a trial court may order mental health treatment as a condition of community placement, which includes community custody,[28] only if it complies with the following procedures:
The court may order an offender whose sentence includes community placement or community supervision to undergo a mental status evaluation and to participate in available outpatient mental health treatment, if the court finds that reasonable grounds exist to believe that the offender is a mentally ill person as defined in RCW 71.24.025, and that this condition is likely to have influenced the offense. An order requiring mental status evaluation or treatment must be based on a presentence report and, if applicable, mental status evaluations that have been filed with the court to determine the offender's competency or eligibility for a defense of insanity. The court may order additional evaluations at a later date if deemed appropriate.[[29]]
The record satisfies RCW 9.94A.700(5)(c). Defense counsel stated on the record in open court that Jones was bipolar; that Jones was off his medications at the time of his crimes; that this combination "obviously resulted" in the crimes; and that Jones was "much, much calmer" since resuming his medications.
The record does not satisfy RCW 9.94A.505(9). The trial court did not obtain or consider a presentence report or mental status evaluation. Nor did the court make a finding that Jones was a person whose mental illness had contributed to his crimes. The court erred when, without following statutory prerequisites, it ordered mental health treatment and counseling.
Once again, we do not overlook the 1999 amendment that we utilized in Section I. Currently codified as RCW 9.94A.715(2)(b), it provides that when sentencing for certain crimes committed on or after July 1, 2000, including first degree burglary, a trial court may order the offender to participate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offenders risk of reoffending, or the safety of the community.[30] If reasonably possible, it must be harmonized with RCW 9.94A.700(5)(c) and RCW 9.94A.505(9), so that no part of any statute is rendered superfluous.[31] If we were to characterize mental health treatment and counseling as "affirmative conduct reasonably related to the offender's risk of reoffending, or the safety of the community," with or without evidence that the offender suffered from a mental illness that had influenced his crimes, we would negate and render superfluous RCW 9.94A.700(5)(c)'s requirement that such counseling be "crime-related," and also RCW 9.94A.505(9)'s requirement *264 the trial court find, based on a presentence report and any applicable mental status evaluation, that the offender is a mentally ill person whose condition influenced the offense. Accordingly, we hold that mental health treatment and counseling "reasonably relates" to the offender's risk of reoffending, and to the safety of the community, only if the court obtains a presentence report or mental status evaluation and finds that the offender was a mentally ill person whose condition influenced the offense.
Before closing, we want to observe that the trial court should not be faulted for the defects in its judgment and sentence. Since 1981, the SRA has been amended by 175 session laws, an average of almost eight per year![32] It has become so astoundingly and needlessly complex that it cannot possibly be used both quickly and accurately. It is extremely difficult to identify what statute applies to a given crime, much less to coordinate that statute with others that may be related. The situation was recognized but not remediedit may even have been exacerbatedby wholesale recodifications in 2001. The SRA screams for thoughtful simplification.
On remand, the trial court shall strike the condition pertaining to alcohol counseling. The trial court shall also strike the condition pertaining to mental health treatment and counseling unless it determines that it can presently and lawfully comply with RCW *265 9.94A.505(9).[33] In all other respects, the judgment and sentence is affirmed.
We concur: ARMSTRONG, J., and HUNT, C.J.
NOTES
[1] Report of Proceedings (RP) (3/15/01) at 8.
[2] RP (3/15/01) at 8.
[3] This case does not involve community placement that is not community custody. Except as otherwise noted, nothing said here necessarily applies to community placement that is not community custody. Compare current RCW 9.94A.030(5), (7), (9), (33); RCW 9.94A.700-.705; RCW 9.94A.710-.715.
[4] See RAP 5.2(a).
[5] State v. Webb, 112 Wash.App. 618, 621, 50 P.3d 654 (2002); In re Hartzell, 108 Wash.App. 934, 944, 33 P.3d 1096 (2001).
[6] RCW 9A.52.020(2).
[7] Former RCW 9.94A.030(41), currently codified as RCW 9.94A.030(45).
[8] Former RCW 9.94A.120(11); Laws of 1999, ch. 196, § 5.
[9] State v. Julian, 102 Wash.App. 296, 304, 9 P.3d 851 (2000), review denied, 143 Wash.2d 1003, 20 P.3d 944 (2001) ("sentence imposed without statutory authority can be addressed for the first time on appeal").
[10] Clerk's Papers (CP) at 44.
[11] State v. Summers, 60 Wash.2d 702, 375 P.2d 143 (1962); see also, State v. Williams, 97 Wash. App. 257, 263, 983 P.2d 687 (1999) (citing Summers, 60 Wash.2d at 707, 375 P.2d 143), review denied, 140 Wash.2d 1006, 999 P.2d 1261 (2000).
[12] 51 Wash.App. 404, 407, 753 P.2d 1015, review denied, 111 Wash.2d 1010 (1988).
[13] 83 Wash.App. 312, 315-316, 922 P.2d 100 (1996).
[14] Former RCW 9.94A.120 (11)(b); Laws of 1999, ch. 196, § 5. In Laws of 2000, ch. 28, § 25, this statute was revised in ways not pertinent here. Its substance is currently codified in RCW 9.94A.715(2)(b).
[15] Former RCW 9.94A.120(15)(b); Laws of 1999, ch. 196, § 5. On February 5, 2001, this statute was codified, with insignificant changes in wording, as RCW 9.94A.120(15)(b). It is currently codified as RCW 9.94A.715(2)(b).
[16] RCW 9.94A.715(2)(b).
[17] Laws of 1981, ch. 137, § 3(2) (defining "community supervision" as "a period of time during which a convicted offender is subject to crime-related prohibitions"); State v. Parramore, 53 Wash.App. 527, 531, 768 P.2d 530 (1989) (striking an alcohol condition unrelated to the charged drug offense); see also, Julian, 102 Wash.App. at 305, 9 P.3d 851 (citing and quoting Parramore). Parramore dealt with an offense committed prior to June 1988, while Julian dealt with an offense that probably occurred in 1998. Given that the applicable statute changed significantly between those dates, we are not certain why it was appropriate for the Julian court to quote and rely on Parramore.
[18] Laws of 1988, ch. 153, § 2, formerly codified as RCW 9.94A.120(8)(a)-(c)(iv).
[19] Former RCW 9.94A.120(8)(a)-(c)(iv) was in effect from July 1, 1988, to April 18, 1995, when it became RCW 9.94A.120(9)(a)-(c)(iv). Laws of 1995, ch. 108, § 3. Effective July 1, 2001, it was incorporated into RCW 9.94A.505 generally, RCW 9.94A.700-.705 relating to community placement, and RCW 9.94A.710-.715 relating to community custody. Laws of 2001, ch. 10, § 6.
[20] RCW 9.94A.715(2)(a); RCW 9.94A.700(5).
[21] RCW 9.94A.700(5).
[22] Former RCW 9.94A.030(41), now codified as RCW 9.94A.030(45); former RCW 9.94A.440(2), now codified as RCW 9.94A.411(2).
[23] Former RCW 9.94A.120(11)(a), now codified as RCW 9.94A.505 and RCW 9.94A.715(1) (court shall order community custody for specified crimes); former RCW 9.94A.120(11)(b), now codified as RCW 9.94A.715(2) (court required or permitted to impose certain conditions of community custody); former RCW 9.94A.120(9)(c)(iv), now codified as RCW 9.94A.700(5)(d) (court may bar consumption of alcohol).
[24] Laws of 1988, ch. 153, § 2 (emphasis added). This section was originally codified as RCW 9.94A.120(8)(c)(iii), recodified as RCW 9.94A.120(9)(c)(iii) in 1995 (Laws of 1995, ch. 108, § 3), and recodified as RCW 9.94A.700(5)(c) in 2001.
[25] Former RCW 9.94A.120(11)(b); Laws of 1999, ch. 196, § 5. In Laws of 2000, ch. 28, this statute was revised in ways not pertinent here. Its substance is currently in codified RCW 9.94A.715(2)(b).
[26] State v. Seek, 109 Wash.App. 876, 881-82, 37 P.3d 339 (2002); City of Kent v. Beigh, 145 Wash.2d 33, 39-40, 32 P.3d 258 (2001); Smith v. Spokane County, 67 Wash.App. 478, 481-82, 836 P.2d 854 (1992), review denied, 120 Wash.2d 1027, 847 P.2d 480 (1993).
[27] Laws of 1988, ch. 153, § 2 (emphasis added). This section was originally codified as RCW 9.94A.120(8)(c)(iii), recodified as RCW 9.94A.120(9)(c)(iii) in 1995 (Laws of 1995, ch. 108, § 3), and recodified as RCW 9.94A.700(5)(c) in 2001.
[28] RCW 9.94A.030(7).
[29] Laws of 1998, ch. 260, § 3, initially codified as RCW 9.94A.120(20). In 1999, the statute was recodified as RCW 9.94A.120(21), Laws of 1999, ch. 196, § 5, and in 2001, it was again recodified as RCW 9.94A.505(9). Laws of 2001, ch. 10, § 2.
[30] Laws of 1999, ch. 196, § 5. In Laws of 2000, ch. 28, this statute was revised in ways not pertinent here. Its substance is currently codified in RCW 9.94A.715(2)(b).
[31] Seek, 109 Wash.App. at 881-82, 37 P.3d 339; Beigh, 145 Wash.2d at 39-40, 32 P.3d 258; Smith, 67 Wash.App. at 481-82, 836 P.2d 854.
[32] Laws of 1981, ch. 137; Laws of 1982, ch. 192; Laws of 1982, ch. 207; Laws of 1983, ch. 115, Laws of 1983, ch.163; Laws of 1983, ch. 164; Laws of 1984, ch. 209; Laws of 1984, ch. 246; Laws of 1984, ch. 287; Laws of 1985, ch. 346; Laws of 1985, ch. 443; Laws of 1986, ch. 257; Laws of 1986, ch. 301; Laws of 1987, ch. 131; Laws of 1987, ch. 187; Laws of 1987, ch. 224; Laws of 1987, ch. 281; Laws of 1987, ch. 402; Laws of 1987, ch. 456; Laws of 1987, ch. 458; Laws of 1987, ch. 486; Laws of 1988, ch. 3; Laws of 1988, ch. 60; Laws of 1988, ch. 62; Laws of 1988, ch. 143; Laws of 1988, ch. 145; Laws of 1988, ch. 153; Laws of 1988, ch. 154; Laws of 1988, ch. 155; Laws of 1988, ch. 157; Laws of 1988, ch. 218; Laws of 1989, ch. 30; Laws of 1989, ch. 99; Laws of 1989, ch. 124; Laws of 1989, ch. 214; Laws of 1989, ch. 248; Laws of 1989, ch. 252; Laws of 1989, ch. 271; Laws of 1989, ch. 332; Laws of 1989, ch. 394; Laws of 1989, ch. 405; Laws of 1989, ch. 408; Laws of 1989, ch. 412; Laws of 1989, 2nd ex. s. ch. 1; Laws of 1990, ch. 3; Laws of 1991, ch. 32; Laws of 1991, ch. 93; Laws of 1991, ch. 104; Laws of 1991, ch. 147; Laws of 1991, ch. 181; Laws of 1991, ch. 221; Laws of 1991, ch. 290; Laws of 1991, ch. 348; Laws of 1992, ch. 45; Laws of 1992, ch. 75; Laws of 1992, ch. 145; Laws of 1992, ch. 186; Laws of 1993, ch. 11; Laws of 1993, ch. 31; Laws of 1993, ch. 144; Laws of 1993, ch. 164; Laws of 1993, ch. 251; Laws of 1993, ch. 338; Laws of 1993, ch. 419; Laws of 1994, ch. 1; Laws of 1994, ch. 53; Laws of 1994, ch. 77; Laws of 1994, ch. 87; Laws of 1994, ch. 129; Laws of 1994, ch. 261; Laws of 1994, ch. 271; Laws of 1994, ch. 275; Laws of 1994, sp. s. ch. 7; Laws of 1995, ch. 33; Laws of 1995, ch. 101; Laws of 1995, ch. 108; Laws of 1995, ch. 129; Laws of 1995, ch. 142; Laws of 1995, ch. 167; Laws of 1995, ch. 231; Laws of 1995, ch. 268; Laws of 1995, ch. 269; Laws of 1995, ch. 285; Laws of 1995, ch. 288; Laws of 1995, ch. 316; Laws of 1995, ch. 385; Laws of 1995, 1st sp. s. ch. 19; Laws of 1996, ch. 36; Laws of 1996, ch. 44; Laws of 1996, ch. 93; Laws of 1996, ch. 121; Laws of 1996, ch. 199; Laws of 1996, ch. 205; Laws of 1996, ch. 215; Laws of 1996, ch. 232; Laws of 1996, ch. 248; Laws of 1996, ch. 275; Laws of 1996, ch. 289; Laws of 1996, ch. 302; Laws of 1997, ch. 52; Laws of 1997, ch. 69; Laws of 1997, ch. 70; Laws of 1997, ch. 120; Laws of 1997, ch. 121; Laws of 1997, ch. 144; Laws of 1997, ch. 266; Laws of 1997, ch. 338; Laws of 1997, ch. 339; Laws of 1997, ch. 340; Laws of 1997, ch. 346; Laws of 1997, ch. 365; Laws of 1998, ch. 78; Laws of 1998, ch. 82; Laws of 1998, ch. 211; Laws of 1998, ch. 219; Laws of 1998, ch. 235; Laws of 1998, ch. 260; Laws of 1998, ch. 290; Laws of 1999, ch. 37; Laws of 1999, ch. 45; Laws of 1999, ch. 143; Laws of 1999, ch. 147; Laws of 1999, ch. 196; Laws of 1999, ch. 197; Laws of 1999, ch. 322; Laws of 1999, ch. 323; Laws of 1999, ch. 324; Laws of 1999, ch. 330; Laws of 1999, ch. 331; Laws of 1999, ch. 352; Laws of 2000, ch. 26; Laws of 2000, ch. 28; Laws of 2000, ch. 43; Laws of 2000, ch. 66; Laws of 2000, ch. 75; Laws of 2000, ch. 119; Laws of 2000, ch. 132; Laws of 2000, ch. 225; Laws of 2000, ch. 226; Laws of 2001, ch. 7; Laws of 2001, ch. 10; Laws of 2001, ch. 17; Laws of 2001, ch. 35; Laws of 2001, ch. 95; Laws of 2001, ch. 207; Laws of 2001, ch. 217; Laws of 2001, ch. 222; Laws of 2001, ch. 224; Laws of 2001, ch. 264; Laws of 2001, ch. 287; Laws of 2001, ch. 310; Laws of 2001, 2nd sp. s. ch. 12; Laws of 2002, ch. 16; Laws of 2002, ch. 50; Laws of 2002, ch. 107; Laws of 2002, ch. 133; Laws of 2002, ch. 134; Laws of 2002, ch. 169; Laws of 2002, ch. 175; Laws of 2002, ch. 229; Laws of 2002, ch. 237; Laws of 2002, ch. 253; Laws of 2002, ch. 289; Laws of 2002, ch. 290; Laws of 2002, ch. 324; Laws of 2002, ch. 340; Laws of 2003, ch. 52; Laws of 2003, ch. 119; Laws of 2003, ch. 250; Laws of 2003, ch. 254; Laws of 2003, ch. 267; Laws @of 2003, ch. 283; Laws of 2003, ch. 335; Laws of 2003, ch. 379.
[33] We do not determine whether such compliance is legally possible at this late date. We observe, however, that RCW 9.94A.505(9) allows a court to order "additional evaluations at a later date if deemed appropriate."