FILED
COURT OF APPEALS
DIVISION II

2013 MAY 14 AM 9: 01

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                         Respondent,<br><br>    v.<br><br>JASON A. KEITH,<br><br>                         Appellant. | No. 43228-5-II<br><br><br>UNPUBLISHED OPINION |

VAN DEREN, J. — Jason Keith appeals from his conviction for unlawful possession of oxycodone, arguing that he presented sufficient evidence that his possession was unwitting.[1] He also appeals from two of his community custody conditions. We affirm his conviction but remand for resentencing consistent with this opinion.[2]

On June 26, 2011, Mason County Deputy Sheriff Larry Ellis arrested Keith on an outstanding warrant. During a search incident to that arrest, Ellis retrieved a pill bottle from Keith's pocket. The bottle had no label. It contained 30 smaller pills and three larger pills. The larger pills proved to be oxycodone. Keith gave Ellis a written statement that the oxycodone pills were her sister's and that he was bringing them to her at her request.

---

[1] He was also convicted of bail jumping, from which he does not appeal.

[2] A commissioner of this court initially considered Keith's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

The State charged Keith with unlawful possession of oxycodone. At trial, Ellis testified as described above. Keith's sister testified that she had asked Keith to bring her the oxycodone that she had been prescribed. She said she asked him to bring her her medication and assumed he would bring her the whole bottle. After Keith was arrested, she counted the pills in the bottle and found three were missing. But earlier she told Keith's counsel that she had spilled the pills, that Keith had found them and returned them to her, but that three pills were missing. Keith testified that he found the pills on the floorboard of his sister's car, did not know what they were, texted her, learned they were hers, and told her he would bring them to her. Ellis testified in rebuttal that Keith initially insisted that there was only one kind of pill in the bottle and that the pills were his. Only after being shown the different size pills did Keith say that he had found them on the floorboard of his sister's vehicle.

The trial court gave the following unwitting possession instruction at Keith's request:

> A person is not guilty of possession of a controlled substance if the possession is unwitting. Possession of a controlled substance is unwitting if a person did now know that the substance in his possession or did not know the nature of the substance.
> The burden is on the defendant to prove by a preponderance of the evidence that the substance was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all the evidence in the case, that it is more probably true than not true.

Clerks Papers (CP) at 32.

The jury found Keith guilty. The trial court sentenced him to 19.5 months' confinement, to be followed by 12 months of community custody. Among the conditions of his community custody were that "[t]he defendant shall not go into bars, taverns, lounges, or other places whose primary business is the sale of liquor" and "[t]he defendant shall have a [chemical dependency] evaluation within 30 days of release from custody." CP at 14.

No. 43228-5-II

First, Keith argues that because he testified that he did not know what the larger pills were, he presented sufficient evidence to show by a preponderance that he did not know the pills were a controlled substance and, thus, presented sufficient evidence that his possession of them was unwitting. But where a claim of unwitting possession hinges on the defendant's credibility, we defer to the trial court. *State v. Pierce*, 134 Wn. App. 763, 774-75, 142 P.3d 610 (2006). Given the changing nature of Keith's description of his possession of the oxycodone, the jury was obliged to assess his credibility. It apparently found him not credible and we defer to that determination. The trial court did not err in rejecting his claim of unwitting possession and in finding him guilty of unlawful possession of oxycodone.

Second, Keith argues that the trial court erred in imposing the community custody condition that he not go into places where the primary business is the sale of liquor because there was no evidence that alcohol played a role in his crimes. *State v. McKee*, 141 Wn. App. 22, 34, 167 P.3d 575 (2007); *State v. Jones*, 118 Wn. App. 199, 207-08, 76 P.3d 258 (2003). The State concedes that he is correct. Thus, we remand his sentence to the trial court with instructions to vacate that condition.

Finally, Keith argues that the trial court erred in imposing the community custody condition that he undergo a chemical dependency evaluation because the court did not make a finding under RCW 9.94A.607(1) that he had a chemical dependency that contributed to his offense. *Jones*, 118 Wn. App. at 209-210. The State concedes that the trial court did not make such a finding, but it contends that the condition is proper because the nature of Keith's crime, unlawful possession of a controlled substance, is sufficient to establish that chemical dependency contributed to his defense. But *Jones* holds that even where the record would support a finding of chemical dependency as a contributor to the offense, the condition cannot be imposed without

3

No. 43228-5-II

the trial court having made such a finding. 118 Wn. App. at 209-210. Thus, we remand his sentence to the trial court with instructions to determine whether to make a finding Keith had a chemical dependency that contributed to his offense, under RCW 9.94A.607(1) and, if it does not make such a finding, to vacate the condition requiring him to undergo a chemical dependency evaluation.

We affirm Keith's conviction but remand his sentence for resentencing consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Van Deren, J.

We concur:

Hunt, J.

Bjorgen, J.

4