
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 69043-4-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| KRISTOPHER J. LARSEN-SNYDER, | ) | |
| | ) | |
| Appellant. | ) | FILED:   MAY 2 8 2013 |

PER CURIAM — Kristopher J. Larsen-Snyder appeals the sentence imposed following his convictions for second degree assault, first degree unlawful possession of a firearm, and possession of a controlled substance. He contends, and the State concedes, that the term of community custody on the assault count should have been 18, not 36, months. We accept the concession and remand for amendment of the judgment and sentence. See RCW 9.94A.701(2).

Larsen-Snyder also contends the court erred in imposing a chemical dependency evaluation and treatment as a condition of community custody without first finding that he has chemical dependency. Citing RCW 9.94A.607(1)[1], he points out that a finding of chemical dependency is necessary before a court can impose this condition, and that no such finding was made by the court in this case. The State does not dispute that

---

[1] RCW 9.94A.607(1) provides:
> Where the court finds that the offender has a chemical dependency that has contributed to his or her offense, the court may, as a condition of the sentence and subject to available resources, order the offender to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which the offender has been convicted and reasonably necessary or beneficial to the offender and the community in rehabilitating the offender.

RCW 9.94A.607(1) applies to this case but contends an express finding of chemical dependency is not required. In support, it cites Division Two's decision in State v. Powell, 139 Wn. App. 808, 162 P.3d 1180 (2007), reversed on other grounds, 166 Wn.2d 73, 206 P.3d 321 (2009). But the relevant portion of Powell is dicta. Moreover, Powell's dicta conflicts with Division Two's decision in State v. Jones, 118 Wn. App. 199, 209-10, 76 P.3d 258 (2003) (failure to make statutorily required finding before ordering mental health treatment and counseling was reversible error even though record contained substantial evidence supporting such a finding) and with our recent decision in State v. Warnock, No. 68295-4-I, 2013 WL 1808241 (Wash. Ct. App. April 29, 2013) (chemical dependency finding is a statutory prerequisite to ordering chemical dependency evaluation and treatment). Accordingly, the chemical dependency evaluation and treatment condition must be stricken on remand unless the court determines that it can lawfully comply with the statutory requirement for a finding that Larsen-Snyder has a chemical dependency that contributed to his offense.

Remanded for proceedings consistent with this opinion.

For the court:

Spearman, A.C.J.

2