# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68837-5-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CORNELIUS DARNELL WILLIAMS, | ) | |
| | ) | |
| Appellant. | ) | FILED: MAY 2 8 2013 |

PER CURIAM — Cornelius Darnell Williams appeals the sentence imposed following his conviction for third degree assault. He contends, and the State concedes, that the court erred in imposing a substance abuse evaluation and treatment as a condition of community custody without first finding that he has chemical dependency as required by RCW 9.94A.607(1).[1] We accept the concession. See State v. Warnock, __ Wn.App. __ , __ P.3d __ (2013) (chemical dependency finding is a statutory prerequisite to ordering chemical dependency evaluation and treatment); State v. Jones, 118 Wn.App. 199, 209–10, 76 P.3d 258 (2003) (failure to make statutorily required finding before ordering mental health treatment and counseling was reversible error even though record contained substantial evidence supporting such a finding).

The parties disagree, however, as to the appropriate remedy for the court's error. Williams contends the trial court must strike the condition because there is insufficient evidence in the record to support a finding of chemical dependency. The State

---

[1] RCW 9.94A.607(1) provides:
>     Where the court finds that the offender has a chemical dependency that has contributed to his or her offense, the court may, as a condition of the sentence and subject to available resources, order the offender to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which the offender has been convicted and reasonably necessary or beneficial to the offender and the community in rehabilitating the offender.

contends it should be permitted to present new evidence on remand because Williams did not object to the condition below. We conclude that the challenged evaluation and treatment condition must be stricken on remand unless the court determines "that it can presently and lawfully comply" with the statutory requirement for a finding that Williams has a chemical dependency that contributed to his offense. See Jones, 118 Wn.App. at 212 n. 33.

Remanded for proceedings consistent with this opinion.

For the court: