FILED
COURT OF APPEALS
DIVISION II

2014 JAN 22 AM 9:19

STATE OF WASHINGTON

BY_____
            DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44386-4-II |
| Respondent, | |
| v. | |
| SAMMY B. WEAVER, | UNPUBLISHED OPINION |
| Appellant. | |

PENOYAR, J.—Sammy Weaver appeals from his conviction for unlawful possession of methamphetamine. He argues that the trial court erred when it imposed legal financial obligations (LFOs) against him without evidence that he had the current or future ability to pay them. He also argues that the trial court erred when it imposed a sentence condition requiring a chemical dependency evaluation. We affirm his conviction but remand for correction of his sentence.[1]

## I. LEGAL FINANCIAL OBLIGATIONS

The trial court imposed the following LFOs: $500 victim assessment, $520 court costs, $1,200 court-appointed attorney, $1,000 fine, $100 crime lab fee, and $100 DNA collection fee. The court made the following finding:

> The court has considered the total amount owing, the defendant's present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. (RCW 10.01.160)

Clerk's Papers (CP) at 6. The court did not make a finding that it found Weaver had the ability or likely future ability to pay the LFOs.

---

[1] A commissioner of this court initially considered Weaver's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

Weaver argues that the court erred when it imposed the LFOs because no evidence was presented that he has the ability or likely future ability to pay them. *State v. Bertrand*, 165 Wn. App. 393, 404, 267 P.3d 511 (2011), *review denied*, 175 Wn.2d 1014 (2012). Before making such a finding, the trial court must take "into account the financial resources of the defendant and the nature of the burden" imposed by the LFOs. *Bertrand*, 165 Wn. App at 404 (quoting *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116, 837 P.2d 646 (1991)).

At sentencing, Weaver did not challenge the trial court's imposition of LFOs. Although RAP 2.5 allows us to consider such a challenge for the first time on appeal, the rule does not compel us to do so in every case. *State v. Blazina*, 174 Wn. App. 906, 911, 301 P.3d 492, *review granted*, 178 Wn.2d 1010 (2103). Unlike *Bertrand*, in which the defendant had disabilities that might reduce her future ability to pay, nothing shows that Weaver's case is similar. *Blazina*, 147 Wn. App. at 911-12. And in Weaver's case, the trial court *did not* make a finding that he had the ability or likely future ability to pay the LFOs. Under *Baldwin*, "the meaningful time to examine the defendant's ability to pay is when the government seeks to collect the [legal financial] obligation[s]." 63 Wn. App. at 310. As the State has not sought to collect Weaver's LFOs, his challenge to them is not ripe. *Bertrand*, 165 Wn. App. at 405. The State must prove his ability to pay the LFOs at that time.

II.   SENTENCING CONDITION

Weaver argues that the trial court erred when it required him to undergo a chemical dependency evaluation and any recommended treatment because it did not make a finding, under RCW 9.94A.607(1), that he had a chemical dependency that contributed to the crime. *State v. Jones*, 118 Wn. App. 199, 209-10, 76 P.3d 258 (2003). Rather, the court found only that Weaver "may have a chemical dependency that may have contributed to the offense." CP at 4. The State

2

concedes that without a finding by the trial court that a chemical dependency contributed to Weaver's crime, the court lacked the authority to impose that condition. *Jones*, 118 Wn. App. at 207-08. We accept the concession and remand to the trial court to strike that condition.

We affirm Weaver's judgment as to his LFOs but remand for correction of his sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Hunt, P.J.

Maxa, J.