FILED
COURT OF APPEALS
DIVISION II

2014 MAY -6 AM 8: 32

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45263-4-II |
| Respondent, | |
| v. | |
| IAN D. CLARK, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Ian D. Clark appeals the trial court's order imposing a community custody condition prohibiting Clark from frequenting places whose primary business is the sale of liquor. The State concedes that this condition should be stricken from Clark's judgment and sentence. We accept the State's concession and we strike from Clark's judgment and sentence the community custody condition prohibiting him from frequenting places whose primary business is the sale of liquor. We remand for correction of the judgment.

## FACTS

Clark dropped a glass pipe containing methamphetamine residue as he was walking away from police officer Daniel Patton. Although Patton did not remember from where the pipe dropped, a witness observed the pipe fall out of the left pocket of Clark's jacket. Clark was charged with and convicted of unlawful possession of methamphetamine. At sentencing, the trial court imposed a condition of community custody that prohibited Clark from going into bars, taverns, lounges, or other places whose primary business is the sale of liquor. Clark appeals.

45263-4-II

## ANALYSIS

Clark appeals his sentence by challenging that the trial court acted without authority in ordering him not to frequent places whose primary business is the sale of liquor, and the State concedes. We conclude that the trial court did not have such authority and remand for resentencing.

A sentencing court has discretionary authority to impose crime-related prohibitions under the terms of community custody. RCW 9.94A.703(3)(f). A crime-related prohibition is one that involves "conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). We have recognized that a trial court has authority to prohibit consumption of alcohol as a condition of community custody, regardless of the offense. *State v. Jones*, 118 Wn. App. 199, 206, 76 P.3d 258 (2003). However, community custody provisions prohibiting purchase and possession of alcohol are invalid where alcohol did not contribute to the offense. *State v. McKee*, 141 Wn. App. 22, 34, 167 P.3d 575 (2007).

Here, the trial court at sentencing found that Clark had a chemical dependency that contributed to the offense. However, the trial court did not find that Clark suffered from alcohol dependency or that frequenting places whose primary business is the sale of liquor contributed to the offense. Therefore, the trial court lacked the statutory authority to impose the condition at issue.

We accept the State's concession, and order that the community custody condition prohibiting Clark from frequenting places whose primary business is the sale of liquor be stricken from Clark's judgment and sentence. We remand for correction of the judgment.

45263-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

JOHANSON, A.C.J.

LEE, J.