# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53574-2-II |
| Respondent, | |
| v. | |
| BENJAMIN C. SERRATO, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. —After a jury convicted Benjamin Serrato of murder in the first degree, he appeals his sentence. He argues that the court erred in imposing a community custody condition prohibiting him from possessing or consuming alcohol because the condition is not crime related. He also argues that the judgment and sentence contains two scrivener's errors regarding legal financial obligations (LFOs).

The State concedes that the judgment and sentence contains scrivener's errors but argues that the challenged community custody condition is authorized by statute. We agree with the State and remand to strike the criminal filing fee and interest bearing provisions of the judgment and sentence, but affirm the community custody condition.

## FACTS

The State charged Serrato with murder in the first degree after the body of his partner and roommate, Christopher Libert, was found next to a parking lot near Dougan Falls in Skamania County with multiple gunshot and stab wounds. After a trial, the jury found Serrato guilty of murder in the first degree. The jury also found that Serrato committed a crime against a family or

household member, and that he was armed with a firearm and a deadly weapon at the time of the commission of the crime.

The court sentenced Serrato to 364 months of confinement and 36 months of community custody. The court prohibited Serrato from possessing or consuming alcohol as a community custody condition. The court also ordered Serrato to pay restitution, a victim's assessment fee, and a mandatory deoxyribonucleic acid (DNA) collection fee. At the sentencing hearing, the court stated, "I am going to make a finding, that you are, and continue to be indigent, and will be, for the foreseeable future, waive any other discretionary costs." Report of Proceedings (RP) at 1701.

The judgment and sentence listed a $200 criminal filing fee, in addition to the financial obligations listed above, and contained a paragraph that reads: "The financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments. RCW 10.82.090. An award of costs on appeal against the defendant may be added to the total legal financial obligations. RCW 10.73.160." Clerk's Papers (CP) at 111.

Serrato appeals.

## ANALYSIS

I. COMMUNITY CUSTODY CONDITION

Serrato argues that the court erred when it imposed a community custody condition prohibiting him from possessing alcohol because the crime had no relation to possessing alcohol.

The State asserts that the trial court did not err in imposing the prohibition of possession of alcohol because it is expressly permitted by statute. We agree with the State.

We review the imposition of community custody conditions for abuse of discretion, reversing the condition if it is manifestly unreasonable. *State v. Sanchez Valencia*, 169 Wn.2d

782, 791-92, 239 P.3d 1059 (2010). A condition is illegal or erroneous if it exceeds statutory authority. *See State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018).

The trial court's discretionary community custody conditions include ordering an offender to "[r]efrain from possessing or consuming alcohol." RCW 9.94A.703(3)(e). A separate provision allows a court to order a defendant to "[c]omply with any crime-related prohibitions." RCW 9.94A.703(3)(f). A "crime-related prohibition" is defined as "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10).

The plain language of RCW 9.94A.703(3)(e) allows the court to impose this prohibition regardless of whether the possession of alcohol related to the commission of the crime. *See State v. Jones*, 118 Wn. App. 199, 206-07, 76 P.3d 258 (2003) (holding that a trial court could impose an earlier version of this prohibition regardless of whether alcohol contributed to the commission of the underlying crime because it is statutorily authorized). Accordingly, we conclude that the trial court did not err in imposing this condition.

## II. LEGAL FINANCIAL OBLIGATIONS

By statute, the court is not authorized to order a defendant to pay costs if they are indigent at the time of sentencing. RCW 10.01.160(3). Accordingly, a sentencing court cannot order a person who is indigent as defined in RCW 10.101.010(3)(a)-(c) to pay the $200 criminal filing fee. *State v. Ramirez*, 191 Wn.2d 732, 746, 426 P.3d 714 (2018). The proper remedy for a scrivener's error is correction upon remand. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016).

A.      Filing Fee

Serrato argues that the court erred in ordering him to pay a discretionary filing fee because he is indigent.  The State concedes that the court erred in ordering Serrato to pay the filing fee.

The record shows that the trial court found Serrato indigent and it specifically "waive[d] any . . . discretionary costs."  RP at 1701.  The $200 filing fee meets the definition of a cost under RCW 10.01.160(2) because it is an expense incurred by the State in prosecuting the defendant.  However, the court failed to check the box next to the paragraph in the judgment and sentence stating, "The defendant is indigent as defined by RCW 10.101.010(3)(a)-(c)."  CP at 106.  The judgment and sentence also imposes the $200 criminal filing fee.  This appears to be a scrivener's error because the trial court said in its oral ruling that it was waiving discretionary costs and the filing fee is not mandatory.  Accordingly, we accept the State's concession and direct the trial court to correct the scrivener's error on remand.

B.      Interest

Serrato argues that the court erred by ordering interest to accrue on his non-restitution LFO charges.  The State concedes that the judgment and sentence mistakenly included an order that all LFOs bear interest.

The judgment and sentence contains a paragraph stating that "[t]he financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments.  RCW 10.82.090."  CP at 111.  After the 2018 amendments to statutes governing LFOs, RCW 10.82.090 prohibits interest from accruing on non-restitution LFOs.  LAWS OF 2018, ch. 269, § 1.  We accept the State's concession and remand to strike this erroneous provision.

## CONCLUSION

We affirm the challenged community custody condition, but remand to strike the $200 criminal filing fee and interest bearing provisions on Serrato's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Worswick, J.

_____
Glasgow, A.C.J.