IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39823-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT MARTINEZ JR., | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Robert Martinez appeals three aspects of his amended sentence—imposition of the victim penalty assessment (VPA), imposition of Department of Corrections (DOC) supervision fees, and the condition that he not consume alcohol during his term of community supervision. We remand for the trial court to strike the VPA and the DOC supervision fees, but deny further relief.

No. 39823-4-III
*State v. Martinez*

FACTS

In 2012, the trial court sentenced Robert Martinez to life without the possibility of parole under Washington's "three strikes" law[1] after a jury convicted him of his third strike offense, second degree rape.[2] *State v. Martinez*, No. 30732-8-III, slip op. at 3-4 (Wash. Ct. App. Dec. 26, 2013) (unpublished), https://www.courts.wa.gov/opinions/pdf/307328.unp.pdf. We affirmed his convictions and sentence on direct appeal. *Id*. at 12. We also dismissed his subsequent personal restraint petition. *In re Pers. Restraint of Martinez*, No. 33246-2-III (Wash. Ct. App. Mar. 22, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/332462.unp.pdf.

In 2021, Mr. Martinez filed a motion to remit and vacate his legal financial obligations (LFOs), which the trial court denied, and he appealed. *State v. Martinez*, No. 38578-7-III, slip op. at 1 (Wash. Ct. App. Nov. 3, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/385787_unp.pdf. While his appeal was pending, Mr. Martinez filed a statement of additional grounds for review, arguing his second degree

---

[1] Generally referring to the Persistent Offender Accountability Act of the Sentencing Reform Act of 1981, chapter 9.94A RCW. Mr. Martinez's three strike convictions (most serious offenses) included: (1) a 1993 second degree robbery conviction from California, (2) a 1999 first degree robbery conviction from Washington, and (3) the 2012 second degree rape conviction. No. 30732-8-III, slip op. at 4.

[2] The underlying facts are documented in our prior opinion and are largely irrelevant to the issues raised in this appeal. Slip. op at 1-4. Only one underlying fact is relevant to the challenged condition prohibiting Mr. Martinez from consuming alcohol: Mr. Martinez committed his crimes while he was intoxicated. *Id*. at 1.

2

robbery conviction was no longer classified as a strike offense due to a change in the law.
*Id.* The State agreed and moved this court to remand for resentencing. *Id.* We accepted
the State's concession and remanded the case for resentencing. *Id.* at 2.

In June 2023, the trial court held a resentencing hearing. The court resentenced
Mr. Martinez to serve an indeterminate life sentence, with a 245-month minimum
determinate sentence. The court imposed a mandatory $500 VPA, required him to pay
DOC supervision fees, and prohibited him from consuming alcohol during the term of his
community supervision.

Mr. Martinez timely appeals.

ANALYSIS

LFOs

Mr. Martinez contends the VPA and DOC supervision fees must be struck from
his judgment and sentence due to recent changes in the law. The State concedes. We
accept the State's concession and direct the sentencing court to strike both LFOs on
remand.

CONDITION PROHIBITING CONSUMPTION OF ALCOHOL

Mr. Martinez contends the trial court abused its discretion when it imposed the
condition prohibiting him from consuming alcohol while on community supervision. He
argues that because the court did not discuss the condition before imposing it, there is no

record showing the court was aware of its discretion to impose the condition or that the court exercised its discretion.  We disagree.

*Failure to object*

As a threshold issue, the State argues that we should not review this challenge because Mr. Martinez raises it for the first time on appeal.  We disagree.

Appellate review normally does not extend to arguments not raised in the trial court.  *See* RAP 2.5(a).  However, community custody conditions may be challenged for the first time on appeal where the challenge involves a legal question that can be resolved on the existing record, preenforcement.  *State v. Wallmuller*, 194 Wn.2d 234, 238, 449 P.3d 619 (2019) (citing *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018); *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008)).  Such a claim is ripe for review on direct appeal if the issues raised are primarily legal, do not require further factual development, and the challenged action is final.  *State v. Sanchez Valencia*, 169 Wn.2d 782, 786, 239 P.3d 1059 (2010).

Here, Mr. Martinez did not object to this condition during the resentencing hearing.  However, his challenge involves a legal question that can be resolved on the existing record.  Thus, we exercise our discretion and review the challenged condition.

*Standard of review*

We review community custody conditions for an abuse of discretion. *Padilla*, 190 Wn.2d at 677. A trial court abuses its discretion when it fails to exercise its discretion. *State v. Flieger*, 91 Wn. App. 236, 242, 955 P.2d 872 (1998).

When a trial court sentences a person to community custody, it is required to impose certain enumerated conditions of community custody and has discretion to impose other conditions. RCW 9.94A.703(1)-(3). Under RCW 9.94A.703(3)(e), the sentencing court had discretion to order an offender to "refrain from consuming alcohol." This condition could be imposed even if alcohol played no role in the underlying offense. *State v. Jones*, 118 Wn. App. 199, 206-07, 76 P.3d 258 (2003).

Here, contrary to Mr. Martinez's argument, the amended judgment and sentence permits a reasonable inference that the trial court knowingly imposed the challenged condition, thus evidencing an exercise of discretion. Unlike the DOC community custody fee that typically is found in preprinted boilerplate language, the alcohol prohibition is conspicuous in three places—following a box marked with a handwritten "x" in paragraph 4.6, following a box marked with a handwritten "x" in Appendix A, and following a box marked with a handwritten "x" in Appendix B.

No. 39823-4-III
*State v. Martinez*

Remand to strike the VPA and the DOC supervision fees.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____       _____
Fearing, J.                                                          Pennell, J.

6