FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 APR 29 AM 8: 32

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 68295-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN MICHAEL WARNOCK, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 29, 2013 |
| | ) | |

LAU, J. — The trial court has authority under RCW 9.94A.607(1) to order an offender, as a condition of community custody, to obtain a chemical dependency evaluation and to comply with recommended treatment only if it finds that the offender has a chemical dependency that contributed to his or her offense. Because there is no evidence and finding that any substance other than alcohol contributed to Brian Warnock's offense, we remand with directions to amend the challenged condition so that it imposes only alcohol evaluation and recommended treatment. We otherwise affirm Warnock's judgment and sentence.

## FACTS

Warnock went to a bar to drink with his girl friend and two other couples. He was offended when he overheard a man at a nearby table talking about his friends and

gesturing in the group's direction. Warnock and his friend confronted the man. Warnock "head butted" him, knocking him to the ground. His friend then struck the man in the face several times. The man sustained a broken jaw.

Warnock and his friends left the bar. Warnock sped past a sheriff's deputy, failed to stop when signaled by the deputy to pull over, and ran a stop sign. The deputy arrested Warnock in a condominium parking lot. The deputy noted Warnock "staggered from the vehicle." Verbatim Report of Proceedings (VRP) (Nov. 10, 2011) at 143. Warnock's eyes were red and watery, his speech was slurred, and the deputy "could strongly smell the odor of intoxicants." VRP (Nov. 10, 2011) at 144. Although Warnock declined a breath test, the officer noted in his report that Warnock's "impairment was extreme." VRP (Nov. 10, 2011) at 159.

The State charged Warnock with second degree assault and driving under the influence of intoxicants (DUI). The jury found Warnock guilty of assault but failed to reach a unanimous verdict on the DUI charge. At trial, Warnock testified that he refused the breath test because "I'd rather lose my license for a year than get a DUI. I wasn't sure—I wasn't sure by what I had drank that night if it would put me over the legal limit or under the legal limit, but I just didn't want to find out." VRP (Nov. 14, 2011) at 82.

At sentencing, the State recommended that the court order a chemical dependency evaluation and compliance with all treatment requirements after commenting that "alcohol consumption was part of what took place here." VRP (Feb. 7, 2012) at 128. Defense counsel responded, "[T]here was drinking going on. There's some indication that Mr. Warnock was affected by what he had to drink. . . . [But] it's our position that he was not intoxicated[, and we] ask the Court to consider not requiring

him to undergo an alcohol evaluation." VRP (Feb. 7, 2012) at 135. She also told the court about Warnock's prior Lynnwood municipal court DUI conviction and present probation status.

The trial court stated, "[C]learly there was drinking involved to some extent. So having him—if the [community corrections officer] feels it's appropriate to have an evaluation and comply with recommended treatment in terms of substance abuse and alcohol, that would be appropriate." VRP (Feb. 7, 2012) at 148-49. It imposed a standard range sentence that included an 18-month community custody term. As a condition of community custody, the court's written judgment and sentence ordered Warnock to obtain a "chemical dependency evaluation . . . and fully comply with all recommended treatment." CP 5. Warnock appeals the chemical dependency condition of his sentence.

## ANALYSIS

The principal issue here is whether a sentencing court exceeds its statutory authority by ordering an offender to obtain chemical dependency evaluation and treatment as a community custody condition when no evidence and no finding exist that any substance except alcohol contributed to the sentenced offense.

Warnock contends the chemical dependency evaluation and treatment condition should be stricken because the trial court exceeded its statutory authority when it ordered him to obtain a chemical dependency evaluation and to comply with recommended treatment as a condition of community custody. Because his claim involves construction of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, our review is de novo. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

An unlawful sentence may be challenged for the first time on appeal. State v. Ford, 137 Wn.2d 472, 477, 973 P.2d 452 (1999).

The trial court lacks authority to impose a community custody condition unless authorized by the legislature. State v. Kolesnik, 146 Wn. App. 790, 806, 192 P.3d 937 (2008). RCW 9.94A.505(8) provides, "As a part of any sentence, the court may impose and enforce crime-related prohibitions and affirmative conditions as provided in this chapter." And under RCW 9.94A.703(3)(c)-(d), as a condition of community custody, the court is authorized to require an offender to "[p]articipate in crime-related treatment or counseling services" and in "rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community."

The SRA specifically authorizes the court to order an offender to obtain a chemical dependency evaluation and to comply with recommended treatment only if it finds that the offender has a chemical dependency that contributed to his or her offense:

> Where the court finds that the offender has a chemical dependency that has contributed to his or her offense, the court may, as a condition of the sentence and subject to available resources, order the offender to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which the offender has been convicted and reasonably necessary or beneficial to the offender and the community in rehabilitating the offender.

RCW 9.94A.607(1). If the court fails to make the required finding, it lacks statutory authority to impose the condition. Warnock does not claim the trial court made no finding at all or no evidence exists to support evaluation and treatment. He argues instead that "the court ordered him to submit to a 'chemical dependency evaluation,' which includes an evaluation for substance abuse other than alcohol, despite the

absence of any finding a substance other than alcohol contributed to the commission of the assault." Br. of Appellant at 6.

In State v. Jones, 118 Wn. App. 199, 276 P.3d 258 (2003), Division Two of this court held that any court-ordered counseling or treatment must address a deficiency that contributed to the offense at issue. If not, it fails to satisfy the statutory requirement that it be "crime-related." Jones, 118 Wn. App. at 207. The Jones sentencing court erred by ordering alcohol counseling when the evidence indicated that only methamphetamines were involved in the crime, not alcohol. The court stated, "[W]e hold that alcohol counseling 'reasonably relates' to the offender's risk of reoffending, and to the safety of the community, only if the evidence shows that alcohol contributed to the offense." Jones, 118 Wn. App. at 208.

Warnock concedes that an alcohol evaluation and recommended treatment was properly ordered "[g]iven the evidence of alcohol consumption." Br. of Appellant at 7 n.2. The judgment and sentence, however, undisputedly ordered Warnock to submit to a chemical dependency evaluation and recommended treatment despite any evidence and finding that a substance other than alcohol contributed to the assault.

The State argues that because alcohol abuse is a type of chemical dependency, the trial court's oral finding that alcohol contributed to Warnock's offense was equivalent to a finding under RCW 9.94A.607(1) that a chemical dependency contributed to his offense.[1] We are unpersuaded by the State's reliance on RCW 70.96A.020, a non-SRA statute found in the public health and safety laws, and on WAC 388-805-310, a

---

[1] We note that paragraph two of the preprinted judgment and sentence form lists the various community custody options. To order chemical dependency evaluation and treatment, the trial court checks the box next to this preprinted condition.

regulation relating to certification requirements for chemical dependency service providers. The State cites no authority connecting this statute and regulation to the relevant SRA statutes here. And even if we assume that alcohol abuse is a type of chemical dependency, it does not follow that alcohol abuse and chemical dependency are interchangeable terms for purposes of RCW 9.94A.607(1).

Given the sentencing comments made by the court and counsel quoted above, the court understood the distinction between substance abuse and alcohol abuse. Yet the court ordered evaluation and treatment for substance and alcohol abuse. Regardless of what the court intended, the chemical dependency condition is ambiguous and can be read as requiring evaluation and treatment for substances other than alcohol. As discussed above, a court's authority to order treatment is circumscribed by statutes to crime-related treatment. Because there is no evidence and finding that anything other than alcohol contributed to Warnock's offense, we remand with directions to amend the judgment and sentence to impose only alcohol evaluation and recommended treatment. The remainder of the judgment and sentence is affirmed.

WE CONCUR:

-6-