FILED
COURT OF APPEALS
DIVISION II

2015 FEB 18 AM 9: 23

STATE OF WASHINGTON

BY_____

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45502-1-II |
| Respondent, | |
| v. | |
| JAMES NATHANIEL PARKER, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — James Parker appeals the trial court's finding that he violated a condition of his Special Sex Offender Sentencing Alternative (SSOSA). He argues that (1) his due process rights were violated because the notices of violation he received provided inadequate notice of the condition the trial court found he had violated, (2) the trial court lacked the authority to require him to comply with community custody conditions imposed by the Department of Corrections (DOC), and (3) the community custody conditions requiring his compliance with all laws and prohibiting him from consuming drugs without a prescription are unconstitutionally vague.

We hold that Parker did not receive adequate notice because he was not informed that he allegedly violated the condition requiring compliance with all laws, which was the condition that the trial court found he violated. Therefore, we reverse the trial court's finding that he violated that condition. However, we hold that the trial court had the authority to require Parker to comply with the DOC conditions and that DOC had the authority to impose conditions that were crime related. Accordingly, we reverse the trial court's ruling that Parker violated the condition requiring

compliance with all laws, but affirm that the trial court had the authority to require Parker to comply with the DOC conditions and that DOC had the authority to impose the conditions that were not crime related. We do not address whether the conditions requiring compliance with all laws and prohibiting drug possession and consumption are unconstitutional.

FACTS

Parker pled guilty to second degree rape of a child on January 25, 2008, and requested a SSOSA. The pre-sentencing report showed that Parker smoked marijuana every day from age 14 until age 20. The report also showed that Parker continued to use marijuana up until nine months before he committed his crime and that he had difficulty moderating his behavior. However, there were no specific allegations that Parker's crime involved drug use. The trial court granted Parker's request for a SSOSA and sentenced him to 120 months community custody under the supervision of DOC.

The trial court ordered Parker to comply with any conditions imposed by DOC. DOC imposed several conditions, including that Parker was (1) required to obey all municipal, county, state, tribal, and federal laws; and (2) prohibited from purchasing, possessing, or consuming drugs without a valid prescription.

Parker received a doctor's authorization to use medical marijuana after he was released from prison. He asked DOC to permit him to use medical marijuana, but DOC denied his request. Nevertheless, Parker used marijuana and several of his urine samples submitted to DOC tested positive for marijuana.

The DOC filed several notices of violation alleging that Parker violated his community custody conditions by consuming marijuana. The first notice alleged that Parker violated the condition of his sentence prohibiting drug consumption without a prescription. The subsequent notices referred back to the original notice and did not specify the conditions of his sentence that Parker allegedly violated by consuming marijuana. Instead, the notices stated that the trial court "ordered Parker to comply with any conditions imposed by the court or DOC during the term of community custody" and that Parker "violated conditions of supervision" by "consuming marijuana." Clerk's Papers at 37.

Parker filed a pro se motion with the trial court to dismiss the community custody conditions violations. He also moved to modify his judgment and sentence by removing order 4.5(d), which required Parker's compliance with all rules, regulations, and requirements of DOC. At a consolidated hearing addressing his alleged violations, Parker argued that his sentencing conditions did not prohibit the use of marijuana because it had been legalized in Washington. Parker also argued that he should be able to use marijuana because it helps with his pain.

The trial court denied Parker's motions. The trial court found that Parker had violated the conditions of his sentence by breaking federal law prohibiting marijuana use. But the trial court expressly declined to determine whether Parker violated the conditions of his sentence prohibiting drug consumption. The trial court sanctioned Parker with 30 days in custody. Parker appeals.

ANALYSIS

A.    NOTICE OF COMMUNITY CUSTODY CONDITION VIOLATIONS

Parker argues that the notices of his community custody conditions violations were inadequate and violated his due process rights under the Fourteenth Amendment of the United States Constitution and article I, sections 3 and 22 of the Washington Constitution. He argues that he did not receive adequate notice because the violation notices stated only that he violated his community custody conditions by consuming marijuana, and did not reference the condition requiring him to comply with all laws. We agree.

Offenders who allegedly violate a SSOSA condition are entitled to the same minimal due process rights as those afforded during the revocation of probation or parole. *State v. Dahl*, 139 Wn.2d 678, 683, 990 P.2d 396 (1999); *see generally In re Pers. Restraint of Blackburn*, 168 Wn.2d 881, 884, 232 P.3d 1091 (2010). This minimal due process requires (1) written notice of the claimed violations, (2) disclosure of the evidence against the offender, (3) an opportunity to be heard, (4) the right to confront and cross-examine witnesses, (5) a neutral and detached hearing body, and (6) a statement by the court of the evidence relied on and the reasons for the revocation. *Dahl*, 139 Wn.2d at 683 (citing *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)). Alleged violations of the due process right to adequate notice are reviewed de novo. *See State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013) (addressing adequacy of an information).

Here, the notices informed Parker of the factual basis of the alleged violations. They stated that Parker had violated his community custody provisions by consuming marijuana, based on

4

positive urinalysis reports. And they stated that Parker violated the condition of supervision prohibiting drug consumption without a prescription and requiring him to abide by the written or verbal instructions issued by the community corrections officer. But the notices did not inform Parker that the consumption of marijuana violated the condition requiring compliance with all laws.

Our Supreme Court in *Dahl* did not address what level of specificity was required when informing an offender of alleged violations. However, the court did state that "[d]ue process requires that the State inform the offender of the *specific violations alleged*." *Dahl*, 139 Wn. 2d at 685 (emphasis added). The court stated that the notice must set forth all alleged violations so that a defendant has the opportunity to marshal the facts in his defense. *Id.* at 684. And in *Blackburn*, our Supreme Court did address the substance of the notice with regard to an "obey all laws" condition – the "level of specificity required to inform the offender of the violation alleged." *Blackburn*, 168 Wn.2d at 885. The court held that a notice alleging violation of an "obey all laws" condition was inadequate because it did not specify *which* law the offender allegedly had violated. *Id.* at 886-88.[1]

Here, the DOC notices did not identify the "specific violations alleged." *Dahl*, 139 Wn.2d at 685. The supporting facts identified in the notices – marijuana consumption – did not provide Parker with any notice that he allegedly violated the condition requiring compliance with all laws.

---

[1] The State argues that *Blackburn* is inapplicable because that case involved reclassifying an offender from community custody to total confinement. But the trial court did not suggest that its analysis was limited to that scenario.

Further, even if the notice was sufficient to inform Parker that he allegedly had violated this condition, the notices did not specify which law he allegedly had violated. Under *Blackburn*, the failure to identify the particular law that had been violated renders the notices inadequate. Accordingly, we hold that DOC's notices violated due process.[2]

B.    AUTHORITY TO IMPOSE DRUG-RELATED CONDITIONS

Parker moved to modify his judgment and sentence to remove the trial court's order to comply with all community custody conditions that DOC imposed. Parker argues that the trial court lacked authority to require his compliance with various drug-related supervision conditions because they were not crime-related. However, DOC imposed the conditions that Parker allegedly violated, not the trial court. We hold that Parker's argument has no merit because the trial court has the authority to require Parker to comply with the DOC conditions, and DOC has the authority to impose conditions that were not crime related based on the risk to community safety.

1.    Trial Court Authority

A *trial court* may only impose crime-related conditions, such as a drug prohibition condition, if there is evidence that the prohibited conduct was involved in the crime of conviction. RCW 9.94A.030(10); *State v. Warnock*, 174 Wn. App. 608, 612, 299 P.3d 1173 (2013). Whether a court has imposed a community custody condition beyond the bounds of its authority is reviewed de novo. *Id.* at 611.

---

[2] Violations of an offender's minimum due process rights are subject to a harmless error analysis. *Dahl*, 139 Wn. 2d at 688. However, we need not address harmless error because the State does not argue that any error was harmless.

6

However, here the trial court did not impose the community custody conditions at issue; DOC imposed those conditions. The trial court ordered that Parker comply with any conditions imposed by DOC. The trial court has the authority to order a defendant to comply with any conditions imposed by the DOC. *State v. McWilliams*, 177 Wn. App. 139, 154, 311 P.3d 584 (2013), *review denied*, 179 Wn.2d 1020 (2014).[3] Accordingly, we hold that the trial court did not err in ordering that Parker comply with the DOC's community custody provisions.

2.  DOC Authority

As noted above, the trial court has authority to impose only crime-related sentencing conditions. But this crime-related limitation applies only to the trial court and does not apply to DOC, which is an agency and not a court. *In re Pers. Restraint of Golden*, 172 Wn. App. 426, 432, 290 P.3d 168 (2012).

DOC's authority to impose conditions of community custody on Parker came from former RCW 9.94A.715(2)(b) (2006)[4], which does not limit DOC's supervisory conditions to those that are crime-related. *Id.* at 433. Instead, former RCW 9.94A.715(2)(b) directs DOC to perform a risk assessment and then impose "additional conditions of the offender's community custody based upon the risk to community safety." DOC has broader authority to impose conditions than the trial

---

[3] RCW 9.94A.703(1)(b) now provides that the trial court is *required* to order a defendant to comply with DOC conditions. However, this statute did not become effective until after Parker was sentenced.

[4] Parker was sentenced on April 18, 2008. At the time, RCW 9.94A.715 was in effect. In 2008, the relevant provisions were recodified at 9.94A.704. The language remained the same.

court because DOC focuses on the risk posed by the defendant, whereas the trial court generally must focus on the defendant's crime. *Golden*, 172 Wn. App. at 433.

Here, the pre-sentencing report showed that Parker had been a regular marijuana user from age 14 until age 20 and used marijuana nine months before he committed his crime. The report also suggested that Parker has difficulty moderating his behavior. Because of Parker's significant history as a heavy drug user and his inability to moderate his behavior, DOC reasonably determined that Parker was a risk to community safety when using marijuana.

Accordingly, we hold that DOC had the authority to impose the conditions that were not crime related even though Parker is not being supervised for a drug offense.

C. VAGUENESS OF COMMUNITY CUSTODY CONDITIONS

Parker argues that the DOC conditions requiring him to comply with all laws and prohibiting him from purchasing, possessing, or consuming drugs without a prescription are unconstitutionally vague. However, we do not address these arguments because we reverse the trial court's finding that Parker violated the condition requiring compliance with all laws, and the possession and consumption of drugs condition was not the basis for the trial court's finding that Parker violated a DOC condition. We decline to give an advisory opinion on the constitutionality of these conditions. *See State v. Eggleston*, 164 Wn.2d 61, 76-77, 187 P.3d 233 (2008).

8

We reverse the trial court's ruling that Parker violated the condition requiring compliance with all laws, but affirm that the trial court had the authority to require Parker to comply with the DOC conditions and that DOC had the authority to impose conditions that were not crime related.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

JOHANSON, C.J.

LEE, J.