FILED
COURT OF APPEALS
DIVISION II

2015 MAR -3 AM 8: 36

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46097-1-II |
| Respondent, | |
| v. | |
| LANCE J. MYHRE, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Lance Myhre appeals his sentence for his conviction for possession of a controlled substance. Myhre argues that the trial court exceeded its sentencing authority by imposing two community custody conditions: that he undergo substance abuse evaluation and treatment and that he refrain from consuming non-prescribed drugs. Myhre claims that these conditions were improper because there was no evidence that substance abuse issues or use of non-prescribed drugs contributed to the commission of the offense. The State concedes that the trial court exceeded its authority by ordering these two community custody conditions. We accept the State's concessions and remand to the trial court to strike the community custody conditions that Myhre undergo substance abuse evaluation and treatment and that he refrain from consuming non-prescribed drugs.

## FACTS

A jury found Myhre guilty of possession of a controlled substance and he was sentenced to 40 days in confinement and 12 months of community custody. There was no evidence or finding at trial or at sentencing that substance abuse issues or use of non-prescribed drugs contributed to Myhre's commission of the offense. The trial court imposed several community custody conditions, including ordering Myhre to undergo substance abuse evaluation and treatment and not to consume non-prescribed drugs.

Myhre appeals his sentence.

## ANALYSIS

A trial court sentencing a defendant to community custody has authority to impose conditions of community custody. RCW 9.94A.703. Such conditions include (1) requiring a defendant to participate in crime-related treatment, RCW 9.94A.703(3)(c)[1], and (2) imposing crime-related prohibitions. RCW 9.94A.703(3)(f). A "[c]rime-related prohibition" is one that involves "conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10).

We generally review the imposition of community custody conditions for an abuse of discretion. *State v. Sanchez Valencia*, 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010). An abuse of discretion occurs when a trial court's imposition of conditions is manifestly unreasonable. *Id.*

---

[1] Myhre cites to RCW 9.94A.607 regarding a trial court's authority to impose substance abuse treatment. However, this statute relates to the imposition of a sentencing condition under RCW 9.94A.505, not the imposition of a community custody condition under RCW 9.94A.703.

2

Here, the trial court ordered Myhre to undergo substance abuse evaluation and treatment as a condition of community custody. Myhre argues, and the State concedes, that there was no evidence or finding at trial or at sentencing that substance abuse played a role in Myhre's offense. In the absence of such evidence or finding, a trial court cannot require substance abuse treatment under RCW 9.94A.703(3)(c). *See State v. Warnock*, 174 Wn. App. 608, 612, 299 P.3d 1173 (2013). Accordingly, we hold that the trial court abused its discretion in ordering Myhre to undergo substance abuse evaluation and treatment.

The trial court also ordered Myhre to refrain from consuming non-prescribed drugs. Myhre argues, and the State concedes, that there was no evidence or finding at trial or at sentencing that the use of non-prescribed drugs related to the circumstances of Myhre's offense. Therefore, this prohibition is not crime-related as required under RCW 9.94A.703(3)(f). Accordingly, we hold that the trial court abused its discretion in ordering Myhre to refrain from consuming non-prescribed drugs.

There was no evidence or finding that substance abuse or use of non-prescribed drugs played any role in Myhre's offense. As a result, we hold that the trial court abused its discretion in imposing the challenged community custody conditions.

We remand to the trial court to strike the conditions that Myhre undergo substance abuse evaluation and treatment and that he refrain from using non-prescribed drugs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

MELNICK, J.