IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | | |
|---|---|---|
| STATE OF WASHINGTON, | | No.  46399-7-II |
| Respondent, | | |
| v. | | |
| BECKIE L. COREY, | | UNPUBLISHED OPINION |
| Appellant. | | |

WORSWICK, J. — Beckie L. Corey appeals her sentence for possession of
methamphetamine, arguing that the trial court erred in imposing community custody conditions
requiring her to undergo a chemical dependency evaluation and complete any recommended
treatment.  We reverse the challenged community custody conditions and remand for the trial
court to strike the chemical dependency evaluation and treatment requirement.[1]

FACTS

A jury found Corey guilty of possession of methamphetamine.  As a community custody
condition, the trial court ordered Corey to undergo a chemical dependency evaluation and to

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits
under RAP 18.14 and then transferred it to a panel of judges.

complete any recommended treatment. However, the trial court did not make a finding that Corey has a chemical dependency that contributed to the crime.

ANALYSIS

Corey appeals her sentence, arguing that the trial court lacked authority to order her to undergo a chemical dependency evaluation or undergo recommended treatment absent a finding that she has a chemical dependency that contributed to her crime.

RCW 9.94A.607(1) provides:

> Where the court finds that the offender has a chemical dependency that has contributed to his or her offense, the court may, as a condition of the sentence and subject to available resources, order the offender to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which the offender has been convicted and reasonably necessary or beneficial to the offender and the community in rehabilitating the offender.

Although the State initially argues that the trial court could require a chemical dependency evaluation as part of the community custody restriction that Corey refrain from possessing or consuming controlled substances, RCW 9.94A.703(2)(c), it ultimately concedes that the trial court erred in imposing this chemical dependency requirement and asks us to remand to the trial court to strike this condition.

In light of the clear language of RCW 9.94A.607(1), we accept the State's concession, reverse the challenged community custody conditions, and remand for the trial court to strike the chemical dependency evaluation and treatment requirement. *State v. Warnock*, 174 Wn. App.

No. 46399-7-II

608, 612, 299 P.3d 1173 (2013) ("If the court fails to make the required finding, it lacks statutory authority to impose the condition.").

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Maxa, J.

3