2016 JAN 19 AM 10: 27



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | DIVISION ONE |
| Respondent, | No. 72942-0-I |
| v. | UNPUBLISHED OPINION |
| JAMES WILLIAM BURKE, | |
| Appellant. | FILED: January 19, 2016 |

DWYER, J. — James Burke entered guilty pleas to three counts of child molestation. On appeal, Burke contends that the trial court erred by imposing community custody conditions requiring him to (1) "[h]old employment only in a position where [he] always receive[s] direct supervision," and (2) "[p]articipate in drug/alcohol evaluation and comply with recommended treatment." We remand for the judgment and sentence to be amended consistent with this opinion.

I

Burke pleaded guilty to one count of child molestation in the first degree[1] and two counts of child molestation in the second degree.[2] The crimes were committed in Burke's home between 2008 and 2013.

Burke requested that the trial court impose a Special Sex Offender Sentencing Alternative (SSOSA), and agreed that the court could consider the

---

[1] RCW 9A.44.083.
[2] RCW 9A.44.086.

affidavit of probable cause when issuing his sentence. The affidavit detailed that Detective Darrin Wallace of the Grays Harbor County Sheriff's Office had a conversation with Burke regarding the allegations, wherein "Burke interrupted [Wallace][,] saying that he had been drinking a lot lately and could not remember the things he did while drinking, which was one of the reasons he stopped drinking recently."

In a presentence investigation, community corrections officer John Cates evaluated Burke's alcohol and drug use, reporting that,

> Mr. Burke denies any drug use whatsoever with the exception of a one-time experimentation with marijuana when he was 27 or 28 years old. He stated [that] it gave him nausea and a headache and left a bitter taste in his mouth. Mr. Burke stated [that he] began drinking alcohol at age 21. He stated [that] he drinks one to three drinks every evening in his home. Mr. Burke stated [that] he does not have a problem with alcohol.

Dr. Lisa Trifiletti, a licensed psychologist, also performed an evaluation, and found that,

> Mr. Burke reported [that] his alcohol use varies. During the summer, while mowing their four acre property he may have 3-4 beers over the course of the day. He may drink more than this on a day he has a friend visiting. There have been periods in his life when he drank on a daily basis, but not necessarily to intoxication. Mr. Burke stated [that] alcohol has never been problematic and [that] he does not rely on drinking as a coping mechanism. He stated [that] his alcohol use rarely put him or others in danger and [that] he never neglected his obligations because of alcohol use. Mr. Burke used marijuana on one occasion at age 27, but did not like the feeling. He denied any other illicit drug use.

The trial court denied Burke's request for a SOSSA. Instead, the court sentenced Burke to an indeterminate term of imprisonment, from a minimum of 98 months to a maximum of life, and a lifetime term of community custody.

-2-

Burke now appeals.

II

Burke contends that the community custody condition requiring him to be directly supervised while at work was improperly imposed. This is so, he asserts, because the condition "is unrelated to the offense to which [he] pled guilty." The State concedes error. We accept the concession.

Sentencing conditions are reviewed for abuse of discretion. In re Pers. Restraint of Rainey, 168 Wn.2d 367, 374, 229 P.3d 686 (2010). A sentencing court abuses its discretion in imposing a condition if it applies the wrong legal standard. Rainey, 168 Wn.2d at 375.

A trial court's authority to impose sentencing conditions is derived wholly from statute. State v. Bahl, 164 Wn.2d 739, 753, 193 P.3d 678 (2008). Such conditions must be "crime related." RCW 9.94A.703(3)(c)-(d), (f); see also RCW 9.94A.607(1); State v. Acrey, 135 Wn. App. 938, 946-47, 146 P.3d 1215 (2006) (employment condition); State v. Jones, 118 Wn. App. 199, 207-08, 76 P.3d 258 (2003) (substance use condition). A "crime-related prohibition" is one that "directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10).

Here, the trial court ordered that Burke "[h]old employment only in a position where [he] always receive[s] direct supervision." Because the record indicates that the crimes were committed exclusively within Burke's home, and that he did not use his place of employment to further these crimes, we accept the State's concession that the condition was improperly imposed. We remand

with instructions for the trial court to strike this condition from the judgment and sentence.

### III

In a statement of additional grounds, Burke contends that the community custody condition requiring him to participate in an alcohol and drug evaluation and any recommended treatment was also improperly imposed. This is so, he asserts, because "alcohol or drugs was not a factor in [his] crime." He is correct, in part. Thus, we remand the cause to the trial court to clarify on the judgment and sentence form that the challenged condition applies only to alcohol evaluation and treatment.[3]

Here, the trial court ordered that Burke "[p]articipate in drug/alcohol evaluation and comply with recommended treatment." The record is replete with indications of alcohol abuse by Burke, including Burke's statement that sometimes he could not remember all that he did while drinking. Thus, the alcohol condition was properly imposed.

However, because the record indicates only one occasion on which Burke used marijuana, and that was many decades ago, his contention that drugs were not a factor in the crimes is supported by the record. Thus, this aspect of the challenged condition was improperly imposed. See State v. Munoz-Rivera, ___

---

[3] This year, the legislature amended the provision relating to chemical dependency to permit a condition to be imposed "[w]here the court finds that the offender has *any* chemical dependency that has contributed to his or her offense . . . *regardless of the particular substance that contributed to the commission of the offense.*" Former RCW 9.94A.607(1) (LAWS OF 2015, ch. 81, § 2) (emphasis added).

Because the amended language does not apply retroactively, we apply the law in effect at the time the crimes were committed, which required that both alcohol and drug use be crime-related for the particular condition imposed to be proper. See State v. Munoz-Rivera, ___ Wn. App. ___, 361 P.3d 182, 192 n.3 (2015).

Wn. App. ___, 361 P.3d 182, 193 (2015); State v. Kinzle, 181 Wn. App. 774, 786, 326 P.3d 870, review denied, 181 Wn.2d 1019 (2014); State v. Warnock, 174 Wn. App. 608, 614, 299 P.3d 1173 (2013).  We remand the cause to the trial court to clarify that the challenged condition is explicitly limited to alcohol evaluation and treatment.

Affirmed, in part.  Remanded for the judgment and sentence to be amended consistent with this opinion.

We concur: