IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34958-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ARISTEO GARCIA RUBIO, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Aristeo Rubio, a sex offender, challenges language in his judgment

and sentence imposing time restraints for registering as an offender. He also challenges

an order to pay incarceration costs. We agree, in part, with the challenges and remand for

correction of the judgment and sentence.

FACTS

Aristeo Rubio worked as a paraeducator at a Yakima middle school. While

employed, he befriended a twelve-year-old student and eventually engaged in intercourse

with the girl.

PROCEDURE

The State of Washington charged Aristeo Rubio with rape of a child in the second

degree. The State also sought a sentence enhancement for the aggravating circumstance

that Rubio used his position of trust and confidence to facilitate the offense. The jury

convicted Rubio of the underlying crime and the enhancement.

Due to the finding of an aggravating circumstance, the trial court imposed an

exceptional sentence. The sentencing court sentenced Aristeo Rubio to one hundred and

twenty months' confinement to life. The judgment and sentence includes an order for

community custody, but the sentence does not delineate the length of community

custody.

We quote numerous paragraphs from the judgment and sentence, which relate to

Aristeo Rubio's assignments of error and his community custody conditions. Paragraph

4.B.1 reads:

> Community Custody: The defendant shall serve community custody
> for any period of time the defendant is released from total confinement
> before the expiration of the maximum sentence on Count 1 pursuant to
> RCW 9.94A.507. The defendant shall report, in person, within 24 hours of
> this order or release from incarceration, whichever is later, to the
> Washington State Department of Corrections, 210 North Second Street,
> Yakima, Washington.

Clerk's Papers (CP) at 103. As a condition of community custody, paragraph 4.C.3

similarly demands that Aristeo Rubio:

> Register as a sex offender as required by RCW 9A.44.130 within 24
> hours of release from incarceration.

CP at 104. Section 5.7 of the judgment and sentence also includes a registration

requirement that states:

> 1. **General Applicability and Requirements**: Because this crime
> involves a sex offense or kidnapping offense involving a minor as defined

2

in RCW 9A.44.130, the defendant is required to register with the sheriff of the county of the state of Washington where he or she resides. If the defendant is not a resident of Washington but is a student in Washington or is employed in Washington or carries on a vocation in Washington, the defendant must register with the sheriff of the county of his or her school, place of employment, or vocation. The defendant must register immediately upon being sentenced unless he or she is in custody, in which case the defendant must register within 24 hours of release.

CP at 107.

After imposing the term of confinement, the court engaged in a brief inquiry regarding Aristeo Rubio's ability to pay legal financial obligations. Defense counsel informed the sentencing court that a school district previously employed Rubio, but he lost employment upon his incarceration. Counsel reminded the court that Rubio would remain in jail for at least ten years and predicted that Rubio, because of the nature of his crime, would encounter difficulty gaining employment on release from prison. The sentencing court found Rubio currently indigent for purposes of appeal and that Rubio lacked the present and future ability to pay financial obligations. As a result, the court struck a discretionary attorney fee recoupment provision, but imposed discretionary costs of incarceration. Defense counsel did not object to the imposition of incarceration costs but asked that costs be capped at $300. The sentencing court agreed. Otherwise, the court only imposed mandatory legal financial obligations.

LAW AND ANALYSIS

On appeal, Aristeo Rubio asks this court to amend his judgment and sentence to reflect that he receives three days to register as a sex offender and to remove the obligation to pay for incarceration costs.  We grant the requests in part.

Sex Offender Registration

Aristeo Rubio registered no objection before the sentencing to the portions of the sentence he now challenges.  Nevertheless, a defendant cannot agree to a sentence in excess of what the legislature authorized.  *In re Personal Restraint of Moore*, 116 Wn.2d 30, 38-39, 803 P.2d 300 (1991).  An offender may challenge an unlawful sentence for the first time on appeal.  *State v. Warnock*, 174 Wn. App. 608, 611, 299 P.3d 1173 (2013).

RCW 9A.44.130 imposes registration requirements on a sex offender.  Aristeo Rubio argues his judgment and sentence went a step too far in requiring him to register within twenty-four hours as it conflicts with the statutory obligations.  He further argues that the language fails to identify the recipient of the registration under the twenty-four-hour requirement.

The lengthy statute, RCW 9A.44.130 declares, in part:

>        (1)(a) Any adult or juvenile residing whether or not the person has a fixed residence, or who is a student, is employed, or carries on a vocation in this state who has been found to have committed or has been convicted of any sex offense or kidnapping offense . . . shall register with the county sheriff for the county of the person's residence. . . .  When a person required to register under this section is in custody of the state department of corrections . . . as a result of a sex offense or kidnapping offense, the

4

person shall also register at the time of release from custody with an official designated by the agency that has jurisdiction over the person.

(b) Any adult or juvenile who is required to register under (a) of this subsection must give notice to the county sheriff of the county with whom the person is registered within three business days:

(i) Prior to arriving at a school or institution of higher education to attend classes;

(ii) Prior to starting work at an institution of higher education; or

(iii) After any termination of enrollment or employment at a school or institution of higher education.

. . . .

(4)(a) Offenders shall register with the county sheriff within the following deadlines:

(i) OFFENDERS IN CUSTODY. Sex offenders or kidnapping offenders who are in custody of the state department of corrections . . . must register at the time of release from custody with an official designated by the agency that has jurisdiction over the offender. The agency shall within three days forward the registration information to the county sheriff for the county of the offender's anticipated residence. The offender must also register within three business days from the time of release with the county sheriff for the county of the person's residence. . . . The agency that has jurisdiction over the offender shall provide notice to the offender of the duty to register.

RCW 9A.44.130 repeatedly imposes, on a sex offender, two registration obligations. First, the offender must register with the Department of Corrections on his release from incarceration or within twenty-four hours of the release. Second, the offender must register with the sheriff of the county, in which the offender resides, within three business days of release.

Aristeo Rubio's judgment and sentence fails to always distinguish between the two distinct registration requirements. Paragraph 4.B.1 correctly imposes an obligation

to report to the Department of Corrections within twenty-four hours. Paragraph 4.C.3 imposes a similar obligation to register as a sex offender within twenty-four hours, but the order does not identify the office at which Rubio registers. Conceivably Rubio could violate the order if he fails to register with his county sheriff within one day. Paragraph 5.7 expressly imposes on Rubio the obligation to register with the county sheriff within twenty-four hours of his release. Therefore, we remand to the sentencing court to modify the judgment and sentence. All references to registration within twenty-four hours should limit the duty to reporting to the Department of Corrections. All references to registration with the county sheriff should afford three business days for accomplishing the obligation.

Incarceration Costs

Aristeo Rubio next challenges the imposition of $300 in incarceration costs. RCW 10.01.160(2) allows a trial court to impose costs, including incarceration expenses, on a convicted defendant. The court, however, "*shall not* order a defendant to pay costs unless the defendant is or will be able to pay them." RCW 10.01.160(3) (emphasis added). Use of the word "shall" does not confer discretion but creates a duty not to impose costs. *State v. Blazina*, 182 Wn.2d 827, 838, 344 P.3d 680 (2015).

The statutory language provides that the sentencing court may only impose discretionary costs if it finds the defendant has the likely present or future ability to pay.

No. 34958-6-III
*State v. Rubio*

The sentencing court found Aristeo Rubio lacked any present or future ability to pay and found Rubio indigent for purposes of this appeal.

Pursuant to the discretion imposed on this court under *State v. Blazina*, this court often declines to address challenges to amounts of discretionary legal financial obligations, when the offender failed to object before the trial court. Because we remand this case on other grounds, we choose to also remand for the striking of the incarceration costs.

## CONCLUSION

We remand to the sentencing court to amend the sex offender reporting requirements consistent with this decision. We also remand for the striking of the imposition of incarceration costs. Because Aristeo Rubio prevails in part, we decline to award appellate costs to the State.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Siddoway, J.

7