# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51160-6-II |
| Respondent, | |
| v. | |
| LEONARD DANIEL LANGDON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. – Leonard D. Langdon appeals one of the community custody conditions imposed following his convictions for unlawful possession of a controlled substance and second degree unlawful possession of a firearm. Specifically, Langdon argues the trial court lacked authority to impose a community custody condition requiring him to undergo a chemical

dependency evaluation and recommended treatment because there was no finding that Langdon's drug use contributed to the offenses. We affirm.

FACTS

While searching Langdon's trailer pursuant to a search warrant, officers found a revolver, what appeared to be a semi-automatic handgun, a glass pipe containing methamphetamine, and a small container containing methamphetamine. The glass pipe and container were found in Langdon's bedroom near legal documents with Langdon's name on them. The semi-automatic handgun was actually a stunt gun.

The State charged Langdon with possession of methamphetamine, and two counts of second degree unlawful possession of a firearm.[1] During the trial, Langdon testified that he did not use methamphetamine. He, however, testified that a woman who stayed with him and another woman who frequently visited both used methamphetamine.

The jury found Langdon guilty of possession of methamphetamine and one count of second degree unlawful possession of a firearm. The jury acquitted Langdon of the second count of second degree unlawful possession of a firearm.

During the sentencing hearing, the State requested a chemical dependency evaluation and an order to comply with the results. The State acknowledged that Langdon testified he did not use methamphetamine, but argued that "because the crime does involve a controlled substanc[e] we are asking for that evaluation." 7 Report of Proceedings (Nov. 15, 2017) at 860. Langdon did not object.

---

[1] Langdon was prohibited from possessing firearms under RCW 9.41.040(2)(a)(i) because of a prior conviction for violation of a domestic violence protection order.

The sentencing court sentenced Langdon to five months of confinement and 12 months of community custody. The sentencing court ordered Langdon to "undergo an evaluation for, and fully comply with, treatment for . . . chemical dependency." Clerk's Papers (CP) at 100. The sentencing court, however, did not check the box next to the finding that Langdon "has a **chemical dependency** that has contributed to the offense(s)." CP at 97 (emphasis in original).

Langdon appeals.

## ANALYSIS

Langdon contends the sentencing court erred by requiring him to "undergo an evaluation for, and fully comply with, treatment for . . . chemical dependency." CP at 100. He argues that the sentencing court lacked authority to impose this community custody condition because there was no finding that Langdon's drug use contributed to the offenses. We disagree.

A.    ISSUE RAISED FOR THE FIRST TIME ON APPEAL

As an initial matter, both parties acknowledge that this issue is raised for the first time on appeal. But challenges to community custody conditions as illegal or erroneous may be made for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008). Therefore, Langdon's challenge to the sentencing court's authority to order a chemical dependency evaluation and treatment may be raised for the first time on appeal.

B     LEGAL PRINCIPLES

We review de novo whether a sentencing court has statutory authority to impose community custody conditions. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). The Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, gives a sentencing court authority to order an offender to participate in rehabilitative programs if it finds "that the offender has any

3

chemical dependency that has contributed to his or her offense." RCW 9.94A.607(1). For this statute to apply, the sentencing court must first find that the offender had a chemical dependency that contributed to his offense. *State v. Warnock*, 174 Wn. App. 608, 612, 299 P.3d 1173 (2013). Both parties agree that there was no finding of chemical dependency. Therefore, this statute does not apply. We accept the State's concession.

Separately, the SRA also gives a sentencing court authority to require an offender to "[p]articipate in crime-related treatment or counseling services." RCW 9.94A.703(3)(c). And a sentencing court may order an offender to "[p]articipate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community." RCW 9.94A.703(3)(d). We read harmoniously RCW 9.94A.703(3)(c)'s requirement that treatment be "crime-related" and RCW 9.94A.703(3)(d)'s discretion to require an offender to perform affirmative conduct reasonably related to the offense's circumstances, the risk of reoffending, or the community's safety. *See State v. Jones*, 118 Wn. App. 199, 208, 76 P.3d 258 (2003).

C.     CHEMICAL EVALUATION AND TREATMENT

Here, the sentencing court did not expressly find that Langdon's chemical dependency contributed to his offenses, and he specifically testified that he did not use methamphetamine. But RCW 9.94A.703(3)(c) and (d) provide the sentencing court the authority to order community custody conditions that are reasonably related to the circumstances of the offense. Langdon was convicted of possession of methamphetamine. Requiring him to receive a chemical dependency evaluation and follow through with any ordered treatment is "reasonably related" to possession of a controlled substance. RCW 9.94A.703(3)(d). Thus, the sentencing court had the statutory

authority to require Langdon to undergo a chemical dependency evaluation and treatment as a condition of community custody.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
Lee, A.C.J.

We concur:

_____
Worswick, J.

_____
Glasgow, J.