# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51967-4-II |
| Respondent, | |
| v. | |
| YENILEN GUZMAN, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — After Yenilen Guzman entered pleas of guilty to two counts of delivery of methamphetamine, two counts of possession of a controlled substance, and one count of conspiracy to deliver methamphetamine, the court imposed an exceptional sentence above the standard range.

Guzman argues she received ineffective assistance of counsel because at sentencing her attorney failed to argue that the conspiracy and delivery convictions constituted the same criminal conduct. She also contends that the court improperly imposed two community custody conditions.

We affirm.

## FACTS

The police became aware of Guzman as the employee and girlfriend of a suspected drug dealer. After Guzman ended her association with that person, the police learned that she wanted to establish her own drug dealing operation. Police then conducted three controlled buys from Guzman that involved approximately 9.7 pounds of methamphetamine and 135 grams of heroin.

The State charged Guzman with delivering methamphetamine between June 1 and June 15, 2017, delivering methamphetamine between June 18 and June 30, possession of heroin with intent to deliver on July 12, possession of methamphetamine with intent to deliver on July 12, and conspiracy to deliver methamphetamine between June 1 and June 30. The State also charged the aggravating factor that the sale or transfer of the controlled substances occurred in quantities substantially larger than for personal use, a major violation of the Uniform Controlled Substances Act (UCSA) on all counts except the conspiracy. RCW 9.94A.535(3)(e)(ii).

Guzman pled guilty to all counts. The conspiracy count had a standard range of 0-12 months and each of the other counts had a standard range of 20-60 months.

At the sentencing hearing, Guzman testified that her relationship with the suspected drug dealer led her to be "kidnapped twice, forced into prostitution, drugged, raped, and physically abused by him." Report of Proceedings (RP) (Feb. 26, 2018) at 108. After these incidents, she "became an alcoholic and a cocaine addict, hoping to forget what [she] went through." RP (Feb. 26, 2018) at 108. She said, "Sober, I would have looked for a job, but instead my choice of options were prostitution or delivering drugs." RP (Feb. 26, 2018) at 108.

The State presented evidence that a mid- to high-level drug deal in Kitsap County would usually involve around a quarter pound of methamphetamine and one to two ounces of heroin. Guzman sold unusually large quantities.

The State argued for a sentence above the standard range because of the significant effect the extraordinary amount of drugs would have on the community. The State also noted that under the federal system, the standard ranges for the same charges were 10 years to life. The State calculated Guzman's offender score as 3 and Guzman did not disagree. The State requested a 180-month sentence.

The court imposed an exceptional sentence of 120 months. In so doing, it considered Guzman's youth, her lack of criminal history, and her abuse at the hands of the suspected drug dealer. It discussed how the circumstances of this case were "extraordinary which warrant an extraordinary sentence," because "[t]he quantities here are over the top," and, if in federal court, would be punishable by ten years to life. RP (Feb. 26, 2018) at 119. In "look[ing] at each case individually . . . the punishment in this case needs to be substantial. It needs to be more than what we normally see, . . . in light of the fact that it's atypical" of what is usually seen in Kitsap County. RP (Feb. 26, 2018) at 120. It stated that 120 months appropriately reflected the conduct and "reflect[ed] whatever mitigating factors that may exist," as well as appropriately punishes Guzman while recognizing the situation in its entirety. RP (Feb. 26, 2018) at 121.

The court concluded that there were substantial and compelling reasons to impose an exceptional sentence. It also imposed community custody conditions. As relevant to this case, it ordered that Guzman "[c]omplete an evaluation for: substance abuse . . . and fully comply with all treatment recommended by [community corrections officer] CCO and/or treatment provider." Clerk's Papers (CP) at 39. It also prohibited Guzman from "[e]nter[ing] . . . [a] bar or place where alcohol is the chief item of sale." CP at 39.

Guzman appeals.

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Guzman claims that she received ineffective assistance of counsel because her attorney failed to argue that the June deliveries of methamphetamine and the conspiracy to deliver methamphetamine constituted the same criminal conduct. Guzman argues that this failure prejudiced her because her offender score would have been lower without the additional point for

conspiracy. She argues that although the court imposed an exceptional sentence, it may have exercised its discretion differently if it had known the standard range was lower. We conclude that Guzman has failed to show prejudice; therefore, her ineffective assistance of counsel argument fails.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). Defense counsel's obligation to provide effective assistance applies at sentencing. *State v. Phuong*, 174 Wn. App. 494, 547, 299 P.3d 37 (2013). We review ineffective assistance of counsel claims de novo. *Estes*, 188 Wn.2d at 457.

To prevail on a claim of ineffective assistance of counsel, the defendant must show both (1) that defense counsel's representation was deficient and (2) that the deficient representation prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). Prejudice exists if there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Estes*, 188 Wn.2d at 458. It is not enough that ineffective assistance conceivably impacted the case's outcome; the defendant must affirmatively show prejudice. *Estes*, 188 Wn.2d at 458.

Failure to argue same criminal conduct at sentencing may constitute ineffective assistance of counsel if the defendant can show that had the trial court accepted such an argument, the sentence would have been different. *State v. Beasley* 126 Wn. App. 670, 686, 109 P.3d 849 (2005). Guzman has failed to affirmatively show prejudice, i.e. that her sentence would have been different.

If Guzman's offender score on each offense had been 2, rather than 3, the standard sentence range for those charges would have been lower. RCW 9.94A.517. However, despite the difference

4

in the sentencing ranges based on using 2 and 3 offender points, Guzman has not sustained her burden to show prejudice. The trial court did not follow the State's recommendation of a 180-month sentence, but it did impose an exceptional 120-month sentence because the crimes involved a major violation of the UCSA. RCW 9.94A.535(3)(e)(ii).

Guzman has failed to show that the court would have given her a different sentence if her standard range had been lower. In fact, Guzman only argues that with a different standard range, the court "may have imposed" a different sentence.

On the other hand, even though Guzman has not met her burden of showing prejudice, in imposing the exceptional sentence, the court's comments demonstrate it likely would have given Guzman the same sentence regardless of her offender score. The court noted the exceptionally large quantity of drugs as the reason for an exceptional sentence, but did not mention the offender score or sentence range. Additionally, the court mentioned that a federal sentence would have been 10 years minimum. We also note that Guzman's codefendant, sentenced at the same hearing, received the same exceptional sentence imposed on Guzman. The codefendant had an offender score of 2.

We conclude that Guzman has failed to show that her sentence would have been different; therefore, Guzman has not shown prejudice. She did not receive ineffective assistance of counsel.

## II.   COMMUNITY CUSTODY CONDITIONS

Guzman argues that the trial court erred by imposing certain community custody conditions that were not authorized by statute.

A.      Legal Principals

We review de novo whether the trial court had statutory authorization to impose a community custody condition. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the trial court had statutory authorization, we review community custody conditions for an abuse of discretion. *State v. Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). "A court does not abuse its discretion if a 'reasonable relationship' between the crime of conviction and the community custody condition exists." *Nguyen*, 191 Wn.2d at 684 (quoting *State v. Irwin*, 191 Wn. App. 644, 658-59, 364 P.3d 830 (2015)). As such, crime-related community custody "conditions are usually upheld if reasonably crime related." *Nguyen*, 191 Wn.2d at 683.

"As a condition of community custody, a sentencing court may, in its discretion, impose 'any crime-related prohibitions.'" *Nguyen*, 191 Wn.2d at 683 (quoting RCW 9.94A.703(3)(f)). "'A [c]rime-related prohibition means an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted.'" *Nguyen*, 191 Wn.2d at 683 (internal quotation marks omitted) (quoting RCW 9.94A.030(10)). "The prohibited conduct need not be identical to the crime of conviction, but there must be 'some basis for the connection.'" *Nguyen*, 191 Wn.2d at 684 (quoting *Irwin*, 191 Wn. App. at 657). A sentencing judge's discretion extends "to impos[ing] prohibitions that address the cause of the present crime or some factor of the crime that might cause the convicted person to reoffend." *Nguyen*, 191 Wn.2d at 684.

### B. No Entry into Bars

Guzman argues that the community custody condition that she "[e]nter no bar or place where alcohol is the chief item of sale" is not directly crime related and therefore is not expressly authorized by statute. Br. for Appellant at 131.

In *Nguyen*, the defendant was prohibited from entering "sex-related businesses" after being convicted of second degree child molestation. Nothing in the record indicated that presence in a "sex-related business" played a role in her crimes. *Nguyen*, 191 Wn.2d at 687. The court determined that the trial court did not abuse its discretion because the condition "has more to do with [the defendant's] inability to control her urges and impulsivities than it does with the specific facts of her crimes" and it was "imposed to prohibit conduct that might cause [her] to reoffend." *Nguyen*, 191 Wn.2d at 687.

Here, although there is no indication in the record that Guzman's presence in "bars or places where alcohol is the chief item of sale" played a role in her crimes, Guzman admits to becoming an alcoholic after being abused. She credits not being sober as the reason she chose to begin delivering drugs rather than looking for another job. The prohibition reasonably relates to the crimes. Therefore, we conclude that the trial court did not abuse its discretion in imposing the condition.

### C. Substance Abuse Evaluation

Guzman argues that the condition requiring her to complete a substance abuse evaluation was not authorized by statute because the court did not make the required finding that a chemical dependency contributed to the offense.

Under RCW 9.94A.607(1), the court has discretion to order the offender to obtain chemical dependency evaluation and treatment if it finds that the offender had a chemical dependency that contributed to her offense. *State v. Warnock*, 174 Wn. App. 608, 612, 299 P.3d 1173 (2013).

Here, the court did not find that Guzman had "a chemical dependency that contributed to [her] offense." CP at 34. The court did not check the box for "Chemical Dependency" on the judgment and sentence. Therefore it did not have authority under RCW 9.94A.607(1) to order the community custody condition.

However, the court has discretion to require an offender to "[p]articipate in crime-related treatment or counseling services" or "[p]articipate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community." RCW 9.94A.703(3)(c)-(d).

Conditions imposed as "rehabilitative programs" such as alcohol and chemical dependency interventions "must be supported by evidence in the record or found by the trial court to be related to the underlying offense." *State v. Munoz-Rivera*, 190 Wn. App. 870, 892, 361 P.3d 182 (2015); *State v. Jones* 118 Wn. App. 199, 208, 76 P.3d 258 (2003). In *Munoz-Rivera* and *Jones* the court determined that imposing a "substance abuse" evaluation when the record indicated that only alcohol contributed to the crime, was not "crime related."

Here, as with the other challenged community custody condition, Guzman implies that she would not have begun selling drugs at all if she had not become an alcoholic or cocaine addict. Under *Munoz-Rivera*, a "substance abuse" evaluation is therefore appropriate because the record indicates that that alcohol and other substances (cocaine) contributed to the crime. The court did not abuse its discretion because a reasonable relationship exists between the crime and the condition.

8

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

                                        Melnick, J.

We concur:

Worswick, P.J.

Cruser, J.