IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 78857-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CURTIS RASHAD HASKINS, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: November 25, 2019 |

ANDRUS, J. — Curtis Rashad Haskins challenges the requirement that he participate in a sexual deviancy evaluation as a condition of his criminal sentence, arguing the evaluation is not related to his crime of conviction. We affirm.

## FACTS

The State charged Haskins with one count of first degree child molestation in connection with the alleged sexual assault of his girlfriend's four-year-old daughter. The State agreed to amend the charge to one count of third degree assault in exchange for Haskins' agreement to plead guilty to that charge. In his plea statement, Haskins admitted:

> I understand and agree that based upon the police reports, there is a factual basis to support the original charge of Child Molestation in the First Degree. I believe that if this matter proceeded to trial on the original charge, there is a substantial likelihood I would be convicted of the charge. . . . One reason that I am willing to plead guilty to these

reduced charges is that I have served the standard range and I will not be required to register [as] a sex offender.

. . . .

I agree that the court can review the Certification for Determination of Probable Cause for the purpose of determining that there is a factual basis for the original charge.

At his plea hearing, the trial court found that the probable cause certification provided a factual basis to support the original charge of first degree child molestation and accepted Haskins' guilty plea to third degree assault.

Haskins also stipulated in the felony plea agreement that the facts set out in the probable cause certification and the prosecutor's summary were the "real and material facts" on which the trial court could rely for sentencing purposes, pursuant to RCW 9.94A.530.[1]

Haskins agreed to the State's recommended 16-month sentence but contested the recommendation that he undergo a sexual deviancy evaluation. Haskins argued that although he stipulated to the real facts of the case, he did not plead guilty to a sex offense. He contended there was no nexus between the crime of conviction and the recommended evaluation.

The trial court rejected Haskins' argument and required him to participate in a sexual deviancy evaluation. The trial court expressly "recognize[d] that I am looking at the certification for determination of probable cause and the facts therein. And, based on that information, I do believe that there is a factual basis

---

[1] RCW 9.94A.530(2) provides that in determining any sentence, the trial court may rely on information that a defendant admits in the plea agreement or admitted at trial or at sentencing.

- 2 -

that this [c]ourt impose th[e] sexual deviancy evaluation and I am doing so for that reason."

Haskins appeals the sexual deviancy evaluation requirement.

ANALYSIS

Haskins argues the trial court exceeded its statutory authority by requiring him to participate in a sexual deviancy evaluation because the evaluation is not directly related to his crime of conviction.

Generally, we review a trial court's imposition of crime-related community custody conditions for an abuse of discretion. State v. Zimmer, 146 Wn. App. 405, 413, 190 P.3d 121 (2008). But because Haskins' challenge involves construction of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, our review is de novo. State v. Warnock, 174 Wn. App. 608, 611, 299 P.3d 1173 (2013); see also State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

Community custody conditions must be statutorily authorized. Warnock, 174 Wn. App. at 611. RCW 9.94A.703(3)(c) authorizes courts to order, as a part of a sentence for a term of community custody, participation in "crime-related treatment or counseling services." Haskins argues that a sexual deviancy evaluation is not "crime-related treatment or counseling services" under RCW 9.94A.703(3)(c) because he was not convicted of a sex crime.

But the trial court's authority is not limited to that provision. RCW 9.94A.703(3)(d) authorizes a trial court to require a defendant to "perform affirmative conduct reasonably related to the circumstances of the offense." The "circumstances" of Haskins' offense are described in the probable cause certificate

and detail his sexual molestation of a four-year-old child. Haskins affirmatively agreed that the trial court could rely on these facts as true for purposes of sentencing.

Haskins' reliance on State v. Jones, 118 Wn. App. 199, 76 P.3d 258 (2003), is misplaced. In that case, because there was no evidence that alcohol contributed to his crime of conviction—first degree burglary—Jones challenged the court's order that he participate in alcohol counseling. Id. at 202, 207. This court agreed, holding that to satisfy the "crime-related" statutory requirement, court-ordered counseling or treatment must address a deficiency that contributed to the offense at issue. Id. at 207-08; see also Warnock, 174 Wn. App. at 612-13. But in Jones, the defendant did not stipulate to "real and material facts" as described in the probable cause certification. This distinction is key.

Moreover, Jones affirmed the proposition that alcohol treatment is authorized by RCW 9.94A.703(3)(d) and "reasonably relates" to the circumstances of a defendant's offense if the evidence shows that alcohol "contributed to the offense." 118 Wn. App. at 208. By analogy, the question here is whether the evidence shows that sexually deviant behavior contributed to Haskins' assault.

In this case, Haskins pleaded guilty to third degree assault to avoid the possible consequences of going to trial and being convicted of child molestation in the first degree. Haskins admitted that there was a substantial likelihood he would be convicted of this crime if he went to trial. As required by CrR 4.2(d), State v. Zhao, 157 Wn.2d 188, 137 P.3d 835 (2006), and In re Pers. Restraint of Barr, 102 Wn.2d 265, 684 P.2d 712 (1984), the trial court found that the probable cause

certification provided a factual basis supporting the original first degree child molestation charge. Haskins also admitted the trial court could rely on the information in the probable cause certification to craft an appropriate sentence. The facts laid out in the probable cause certificate show that Haskins engaged in sexually deviant conduct when he assaulted his victim. The trial court did not err in concluding that this conduct contributed to the offense to which Haskins pleaded guilty.

We conclude that the trial court did not exceed its statutory authority in ordering Haskins to participate in a sexual deviancy evaluation.

Affirmed.

WE CONCUR:

_____     _____
                                                                              Andrus, J.

_____     _____